DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentencing judgment issued by the Sandusky County Court of Common Pleas.
 {¶ 2} After appellant, Douglas S. Langley, shot and killed Tim Broski, he stuffed Broski's head and torso in a garbage bag, then poured whiskey and tequila on and around the body. A jury later convicted appellant of murder with a firearm specification and gross abuse of a corpse. The court sentenced appellant to an indefinite term of imprisonment of from 15 years to life for murder, the statutory 3-year term for the firearms specification and an additional 12 months for abuse of a corpse. The court ordered the sentences served consecutively.
 {¶ 3} On appeal, this court affirmed appellant's convictions, but vacated his abuse of corpse sentence for want of the statutorily mandated findings necessary to impose a prison term for a fifth degree felony, a maximum sentence and consecutive sentences. State v. Langley, 6th Dist. No. S-02-037,2004-Ohio-2459 at ¶ 80-81. We remanded the matter to the trial court for resentencing. Id. at 84.
 {¶ 4} On remand, the trial court elected not to impose the maximum sentence for the fifth degree felony, but sentenced appellant to a ten month term, again to be served consecutively to the other terms of incarceration imposed. In doing so, the trial court entered the findings we found omitted in the first appeal.
 {¶ 5} Appellant now brings this appeal.
 {¶ 6} Appellant's counsel has submitted a request to withdraw, pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel states that he has reviewed the record of the proceedings in the trial court, but was unable to identify any arguably meritorious issues for appeal. Pursuant to Anders, counsel has filed a brief in which he discusses a single area which he considered but rejected as a potential assignment of error.
 {¶ 7} Counsel sets forth the following potential assignment of error:
 {¶ 8} "I. The trial court abused its discretion when it imposed a ten month prison sentence upon the defendant/appellant consecutive to prison time previously imposed."
 {¶ 9} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in Anders, supra and State v. Duncan (1978),57 Ohio App.2d 93. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines an appeal to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 10} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. We note further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 11} This is an exceptionally straightforward case. When we vacated appellant's original abuse of a corpse sentence, we clearly identified specific deficiencies in the findings accompanying that sentence. We have carefully examined the record of the resentencing and find that the court diligently applied the directives of our decision.
 {¶ 12} Having complied with all the technical aspects of R.C.2929.11 et seq., the only remaining question is whether the court's sentencing choice itself was an abuse of discretion. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. State v. Long
(1978), 53 Ohio St.2d 91, 98. We fail to detect any such attitude in the record. Accordingly, appellant's sole potential assignment of error is without merit.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.