DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a December 1, 2005 judgment of the Sandusky County Court of Common Pleas which denied appellant's motion to dismiss court costs.
 {¶ 2} On appeal, appellant, acting on his own behalf, raises the following assignment of error:
 {¶ 3} "The trial court committed error when it ordered — allowed clerk to collect costs without first holding a hearing to determine if defendant remains indigent and or able to pay costs."
 {¶ 4} The procedural history is as follows. On October 1, 2002, appellant was sentenced to prison for an indefinite term of 15 years to life for murder, three years for a firearm specification, and 12 months for abuse of a corpse. Court costs were assessed to appellant. A direct appeal of the judgment was filed. In that appeal, appellant raised five assignments of error. State v. Langley, 6th Dist. No. S-02-037,2004-Ohio-2459. However, the issue of court costs was not raised at that time.
 {¶ 5} On appeal, this court affirmed appellant's convictions, but vacated his abuse of corpse sentence for want of the statutorily mandated findings necessary to impose a prison term for a fifth degree felony, a maximum sentence and consecutive sentences. Id. We remanded the matter to the trial court for sentencing. Id.
 {¶ 6} On remand, the trial court elected not to impose the maximum sentence for the fifth degree felony, but sentenced appellant to a ten month term, again to be served consecutively to the other terms of incarceration imposed. In doing so, the trial court entered the findings we found omitted in the first appeal.
 {¶ 7} On September 30, 2005, appellant again appealed, arguing that the trial court abused its discretion when it imposed the ten month prison sentence. State v. Langley, 6th Dist. No. S-04-020, 2005-Ohio-6852. Again, appellant failed to raise any issue with regard to the imposition of costs. Appellant's counsel filed a motion to withdraw pursuant toAnders v. California (1967), 386 U.S. 738. Finding no abuse of discretion, we determined that the appeal was without merit and wholly frivolous. Accordingly, we granted counsel's motion to withdraw. State v. Langley, at ¶ 13.
 {¶ 8} On November 22, 2005, appellant filed a motion with the trial court to dismiss court costs, which was denied on December 1, 2005. This appeal now follows.
 {¶ 9} In his single assignment of error, appellant argues that the trial court should not have been permitted to collect court costs without first holding a hearing to determine if he was able to pay the costs.
 {¶ 10} This court need not address the issue raised by appellant. The principles of res judicata are applicable here to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 11} It is evident that appellant's issue of court costs could have been raised in either of his previous appeals. He indicates no valid reason why he was prevented from doing so. Consequently, the doctrine of res judicata bars the assertion of such a claim now. To rule otherwise would be to disregard res judicata and undermine the policies it seeks to protect: to prevent attacks on final judgments, to conserve court resources, to end matters and to prevent vexatious litigation. Rogers v.City of Whitehall (1986), 25 Ohio St.3d 67.
 {¶ 12} Assuming, arguendo, that res judicata does not bar appellant's present claim, his assignment of error is still found to be without merit. As noted above, appellant was ordered to pay "the costs of this action," pursuant to the trial court's October 1, 2002, sentencing entry. Appellant alleges that an indigent defendant is not required to pay court costs. However, in the case of State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, paragraph one of the syllabus, the Ohio Supreme Court held that a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. The court further held that the clerk of courts may attempt to collect the costs from the indigent defendant. Id. at paragraph two of the syllabus. Thus, the trial court was correct to collect costs from appellant and was not required to hold a hearing to determine his indigent status. R.C. 2929.18(E); State v. Cole, 6th Dist. Nos. L-03-1162-63, 2005-Ohio-408.
 {¶ 13} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J. concur.