DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas that denied appellant's motion to arrest judgment. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "The trial court committed error when it denied defendant's motion to arrest judgment."
 {¶ 4} On May 14, 2004, this court affirmed appellant's conviction on one count of murder, with a firearm specification, in violation of R.C. 2903.02, and one count of gross abuse of a corpse, in violation of R.C. 2907.01(B). State v. Langley, 6th Dist. No. S-02-037, 2004-Ohio-2459. Because we concluded that appellant's sentences were not in conformity with the law, we remanded the matter to the trial court for resentencing. Appellant was resentenced on August 30, 2004.
 {¶ 5} On September 2, 2004, appellant filed a motion to arrest judgment. While appellant's motion was pending in the trial court, he filed a notice of appeal from his new sentence. This court affirmed the new sentence in a decision released December 23, 2005. State v. Langley, 6th Dist. No. S-04-020,2005-Ohio-6852. Appellant thereafter filed a motion for this court to vacate our decision. Appellant argued that since his motion to arrest judgment had not been ruled on, the time for filing an appeal had not begun to run and this court did not have jurisdiction to hear the appeal from his resentencing. On February 14, 2006, this court denied appellant's motion to vacate, finding that Crim.R. 34, which governs motions to arrest judgment, is inapplicable in the context of resentencing when the defendant's guilt is no longer at issue. We also noted an absence of authority to suggest that a pending motion to arrest judgment following resentencing divests an appellate court of jurisdiction. On March 16, 2006, the trial court denied appellant's motion to arrest judgment.
 {¶ 6} Crim.R. 34 requires that a motion to arrest judgment be filed within 14 days after the verdict. Appellant filed his motion after his resentencing, almost two years after his conviction. Further, this court has already considered the issue of appellant's motion to arrest judgment. In our February 2006 decision on appellant's motion to vacate judgment, we noted that Crim.R. 34 is not applicable following resentencing when a defendant's guilt is no longer at issue. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 7} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J concur.