[Cite as *State v. Sands*, 2014-Ohio-3439.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. H-14-004 |
| Appellee | Trial Court No. CRI 20100568 |
| v. | |
| Charles O. Sands | **DECISION AND JUDGMENT** |
| Appellant | Decided:  August 8, 2014 |

* * * * *

Russell V. Leffler, Huron County Prosecuting Attorney, and
Patrick M. Hakos, Assistant Prosecuting Attorney, for appellee.

Charles O. Sands, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Charles Sands, appeals the judgment of the Huron County Court

of Common Pleas, denying his motion to vacate judgment for lack of subject-matter

jurisdiction.  Because the trial court had jurisdiction, we affirm.

**{¶ 2}** Appellant sets forth the following assignment of error:

Trial court lacked subject matter jurisdiction due to an invalid complaint and subsequent warrant to convict.

**{¶ 3}** Appellant was convicted of two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3) and one count of attempted gross sexual imposition in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(1) and was sentenced to eight years in prison. This court affirmed his conviction in *State v. Sands*, 6th Dist. Huron No. H-11-017, 2012-Ohio-6063.

**{¶ 4}** On January 30, 2014, appellant filed the motion that is at issue in this appeal. In the motion, he challenged the validity of the complaint and warrant and sought to have the charges against him vacated due to lack of subject-matter jurisdiction. The trial court denied his motion to vacate judgment on the grounds that the motion was meritless and untimely.

**{¶ 5}** A motion to vacate judgment is a petition for post-conviction relief. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. A petition for post-conviction relief is filed subsequent to the direct appeal of the conviction and asserts that a constitutional right was violated. R.C. 2953.21(A)(1) and (2). A petition for post-conviction relief must be filed within 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2).

2.

**{¶ 6}** Here, appellant's motion was not filed within the allotted time. It will be assumed, however, for purposes of analysis only, and without deciding, that appellant's untimely motion may be considered to contest his criminal conviction and sentence to the extent appellant asserts lack of subject-matter jurisdiction, which may be raised at any time. *See State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 12; *State v. Wilson*, 2d Dist. Montgomery No. 21738, 2007-Ohio-4885, ¶ 22.

**{¶ 7}** The felony jurisdiction of the court of common pleas is invoked by the return of a proper indictment by the grand jury of the county. *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). Where the indictment provides the accused with sufficient notice of the charges, the trial court possesses and properly exercises subject matter jurisdiction. *State v. Joseph*, 73 Ohio St.3d 450, 456, 653 N.E.2d 285 (1995). Accordingly, in a felony case, the accused is tried upon the indictment returned by the grand jury and not upon the original complaint filed in municipal court. *Dowell v. Maxwell*, 174 Ohio St. 289, 290, 189 N.E.2d 95 (1963). Thus, the issuance of a grand jury indictment renders any defect in the complaint or warrant moot. *See Clinger v. Maxwell*, 175 Ohio St. 540, 541, 196 N.E.2d 771 (1964).

**{¶ 8}** Here, a complaint was filed against appellant on June 14, 2010, in Norwalk Municipal Court alleging a rape offense. Then, on August 18, 2010, appellant was indicted by the Huron County Grand Jury on nine counts of sexual offenses and one count of witness intimidation. Appellant pled guilty to one count of the indictment and two amended counts of the indictment on November 5, 2010. Since the court's

3.

jurisdiction was invoked based upon the indictment and appellant was prosecuted pursuant to the indictment, any defect contained in the complaint or warrant is a moot issue.

{¶ 9} Having found that the trial court had jurisdiction, the trial court did not commit error prejudicial to appellant in denying appellant's motion to vacate judgment. The judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.