[Cite as *State v. Rogers*, 2018-Ohio-1073.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-610 |
| v. | : | (C.P.C. No. 15CR-4976) |
| Joshua I. Rogers, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 23, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Joshua I. Rogers,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Joshua I. Rogers, pro se, appeals the March 13, 2017 judgment of the Franklin County Court of Common Pleas denying his motion to arrest judgment. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We note that the record and docket in appellant's relevant Franklin County Municipal Court case is not included in the record before us on appeal. The Supreme Court of Ohio has held that a court may take judicial notice of public court records available on the internet. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-69, 2016-Ohio-5424, ¶ 17. As such, we will take judicial notice of the record and docket in Franklin M.C. No. 2015 CRA 022755 ("the municipal court case").

{¶ 3} Our review shows that a complaint with a supporting affidavit for determination of probable cause was filed in the municipal court case on September 30,

2015, along with the charge of Rape–under 13 years old, in violation of R.C. 2907.02(A)(1)(B). On the same day, a warrant was issued for appellant and he was arrested. On October 1, 2015, appellant was arraigned and a preliminary hearing was scheduled for October 9, 2015.

{¶ 4} On October 8, 2015, appellant was indicted by the grand jury for attempted rape, disseminating matter harmful to juveniles, gross sexual imposition, and six counts of rape. All of the offenses were felonies and alleged that B.W. was the victim. B.W. was under the age of 13 at the time the alleged offenses occurred except for the attempted rape charge. (Indictment.) The indictment was filed in Franklin C.P. No. 15CR-4976 ("the common pleas court case") the same day. On the following day, appellant's municipal court case was dismissed due to the direct indictment by the grand jury in the common pleas case.

{¶ 5} On February 8, 2016, appellant entered a guilty plea in the common pleas court case to 2 counts of rape, each a first-degree felony. The trial court imposed a jointly recommended sentence of 10 years as to each count to be served consecutively to each other, for a total prison sentence of 20 years. In addition, appellant was classified as a Tier III sexual offender with lifetime registration duties, and notified that he would receive five years of post-release control. (Feb. 9, 2016 Jgmt. Entry at 1-2.)

{¶ 6} On December 7, 2016, appellant filed a motion asking the court to allow him to withdraw his guilty plea. The trial court denied the motion. On July 14, 2017, appellant filed a motion to arrest judgment pursuant to R.C. 2947.02, claiming that the court lacked subject-matter jurisdiction to convict him and that his sentence was void because no complaint was filed. The trial court denied the motion on August 3, 2017. Appellant filed a timely notice of appeal on August 24, 2017.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following error:

> The trial court lacked subject matter jurisdiction over the Defendant-[Appellant] (hereinafter [Appellant]) because [Appellant] was never legally bound over from the Municipal Court to the Court of Common Pleas. This is a clear violation of Ohio.R.Crim.P.4 [sic].

## III. DISCUSSION

{¶ 8} Appellant argues that the trial court lacked subject-matter jurisdiction to convict him and his sentence is void because no complaint was filed in this case. As noted above, a complaint with affidavit was filed in the municipal court case. As such, we will interpret appellant's assignment of error to allege that the trial court lacked subject-matter jurisdiction because no complaint was filed in the common pleas court case. Appellant claims that the common pleas court's assumption of jurisdiction is a clear violation of Crim.R. 4. In appellant's motion to arrest judgment he argued that the common pleas court's subject-matter jurisdiction is invoked by the filing of a complaint and is, therefore, a necessary prerequisite to acquiring jurisdiction, citing *State v. Sharp*, 5th Dist. No. 08 CA 000002, 2009-Ohio-1854.

{¶ 9} Crim.R. 34 requires that a motion to arrest judgment be filed within 14 days after the verdict or finding of guilt. Appellant filed his motion approximately one and one-half years after his conviction. As a result, appellant's motion to arrest judgment is untimely. *See State v. Langley*, 6th Dist. No. S-06-016, 2006-Ohio-3871, ¶ 6. Even if the motion was not untimely, appellant's argument lacks merit.

{¶ 10} We note that nothing in Crim.R. 4 indicates that a complaint, or an affidavit filed with the complaint, is a prerequisite for the court of common pleas to have jurisdiction. Also, appellant's reliance on *Sharp* is wholly misplaced. *Sharp* clearly states that "[t]he complaint is the jurisdictional instrument of the *municipal court*" and does not address the common pleas court. (Emphasis added.) *Id.* at ¶ 14.

{¶ 11} In addition, appellant overlooks Crim.R. 7. Crim.R. 7(A) specifically states:

> **(A) Use of indictment or information**. A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies *shall be prosecuted by indictment*, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right.

(Emphasis added.) As appellant was charged with nine felony counts, Crim.R. 7(A) mandates that he be prosecuted by indictment as opposed to a complaint.

{¶ 12} The case law is clear. A complaint was not necessary where the grand jury returned a valid indictment. *See State v. Martin*, 4th Dist. No. 01CA24, 2002-Ohio-6140, ¶ 21-22. *See also*, *State v. Williams*, 12th Dist. No. CA2014-06-144, 2015-Ohio-1090, ¶ 8

(the accused in a felony case is tried on the indictment by the grand jury, not a complaint). The felony jurisdiction of the court of common pleas is invoked by the return of a proper indictment by the grand jury of the county. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962); *Dowell v. Maxwell*, 174 Ohio St. 289, 290 (1963); *State v. Pillow*, 2d Dist. No. 2010-CA-71, 2011-Ohio-4294, ¶ 18.

{¶ 13} Furthermore, even if there were defects in the complaint filed in the municipal court, such defects would be irrelevant and harmless because the conviction is based on the grand jury indictment. *See Martin* at ¶ 24. *State v. Thacker*, 4th Dist. No. 04CA5, 2004-Ohio-3978, ¶ 12. Thus, the issuance of a grand jury indictment renders any defect in the complaint or warrant moot. *See Clinger v. Maxwell*, 175 Ohio St. 540, 541-42 (1964); *State v. Sands*, 6th Dist. No. H-14-004, 2014-Ohio-3439, ¶ 7.

{¶ 14} In the present case, appellant's indictment was properly filed.  As the trial court noted, appellant did not challenge the validity of the indictment at a trial, or on appeal even though he could have. There were no absence of formal accusations. Our review shows that the court of common pleas did not lack subject-matter jurisdiction over appellant; therefore, the conviction was not void. Because the indictment was not defective, appellant's claim that the trial court lacked subject-matter jurisdiction is without merit. *State v. Dixon*, 10th Dist. No. 09AP-473, 2009-Ohio-6057, ¶ 5-6.

{¶ 15} Moreover, as appellant's conviction was not void, res judicata bars any claims that appellant could have raised in the trial court before conviction or on appeal after conviction. *State v. Perry*, 10 Ohio St.2d 175 (1967). Here, we find that the arguments contained in appellant's current motion could have been raised previously at trial or on appeal, and are thus barred by the doctrine of res judicata. For the foregoing reasons, appellant's assignment of error is overruled.

## IV. DISPOSITION

{¶ 16} Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————