[Cite as *State v. Jordan*, 2020-Ohio-1018.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT E. JORDAN, JR.

    Appellant

C.A. No.     29403

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2014-06-1798-A

DECISION AND JOURNAL ENTRY

Dated: March 18, 2020

HENSAL, Judge.

{¶1}    Robert Jordan appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to vacate a void judgment. This Court affirms.

I.

{¶2}    This Court previously set forth the procedural background of this case as follows:

On June 30, 2014, the Summit County Grand Jury indicted Jordan and several codefendants on a myriad of charges related to the murder of Shawn Dotson. After pleading not guilty to the charges at arraignment, Jordan filed a motion to sever his trial from one of his co-defendants. The trial court denied the motion. Jordan subsequently appeared for a change-of-plea hearing and pleaded guilty to one count of murder with a firearm specification as well as one count of aggravated burglary. The remaining charges were dismissed pursuant to the agreement. In accordance with the joint recommendation by the parties in the plea agreement, the trial court sentenced Jordan to a total sentence of 18 years to life.

*State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 2. Mr. Jordan then moved to file a delayed appeal, which this Court granted. *Id.* at ¶ 3. On appeal, he argued that his guilty

plea was not knowingly, intelligently, and voluntarily made. *Id.* at ¶ 4. This Court disagreed, and affirmed the decision of the trial court. *Id.* at ¶ 7.

{¶3} Several months later, Mr. Jordan filed a petition to vacate or set aside the judgment of conviction or sentence, which the trial court denied. He appealed that decision, but later moved to voluntarily dismiss that appeal. This Court granted Mr. Jordan's motion to dismiss in October 2016. Then, over two years later, Mr. Jordan filed a motion to vacate a void judgment, arguing that his conviction was void on the basis that the original complaint filed in the municipal court was not notarized, and because the warrant was not signed. The trial court denied his motion, and Mr. Jordan now appeals that decision.

II.

ASSIGNMENT OF ERROR

TRIAL COURT ERRED IN FAILING TO VACATE THE JUDGMENT BELOW.

{¶4} In his assignment of error, Mr. Jordan argues that the trial court erred by failing to vacate his void conviction. This Court disagrees.

{¶5} Initially, we note that Mr. Jordan's merit brief attempts to incorporate by reference all of the arguments he made in his briefing below. This Court, however, will only consider the arguments properly presented to this Court on appeal. *See* App.R. 16(A); App.R. 12(A)(2); *Deutsche Bank Natl. Tr. Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14, fn.1 ("Parties cannot simply incorporate by reference arguments that they made to the trial court in their appellate brief."). We now turn to the applicable law.

{¶6} As the Ohio Supreme Court has stated, "[t]he jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended." *Simpson v. Maxwell*, 1 Ohio St.2d 71,

71 (1964). "[I]n a felony case, the accused is tried upon the indictment returned by the grand jury and not upon the original complaint filed in municipal court." *State v. Sands*, 6th Dist. Huron No. H-14-004, 2014-Ohio-3439, ¶ 7, citing *Dowell v. Maxwell*, 174 Ohio St. 289, 290 (1963). "Where the indictment provides the accused with sufficient notice of the charges, the trial court possesses and properly exercises subject matter jurisdiction." *Sands* at ¶ 7, citing *State v. Joseph*, 73 Ohio St.3d 450, 456 (1995). "Thus, the issuance of a grand jury indictment renders any defect in the complaint or warrant moot." *State v. Rogers*, 10th Dist. Franklin No. 17AP-610, 2018-Ohio-1073, ¶ 13, citing *Clinger v. Maxwell*, 175 Ohio St. 540, 541-542 (1964); *State v. Heard*, 9th Dist. Summit No. 27340, 2015-Ohio-664, ¶ 4 ("The Supreme Court has also noted that a flaw in a complaint is harmless error if the indictment puts a defendant on notice of all elements for each offense charged in the indictment.").

{¶7} Here, Mr. Jordan challenges the validity of the complaint and warrant, which – he argues – formed the basis of the indictment. He argues that since the complaint and warrant were invalid, the indictment was likewise invalid and, therefore, his conviction cannot stand. Mr. Jordan points to federal case law in support of his position that he has not waived this issue by failing to challenge the indictment prior to trial.

{¶8} Mr. Jordan's arguments are unpersuasive. Any alleged defects in the complaint or warrant were rendered moot by the issuance of the grand jury indictment, which Mr. Jordan has not challenged as failing to provide him with sufficient notice of the charges against him. *Rogers* at ¶ 13; *see Heard* at ¶ 4. This Court, therefore, cannot say that the trial erred when it denied Mr. Jordan's motion to vacate a void judgment. Mr. Jordan's assignment of error is overruled.

4

## III.

{¶9}    Mr. Jordan's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ROBERT E. JORDAN, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.