The STATE of Ohio, Appellee,

v.

FONSECA, Appellant.

[Cite as *State v. Fonseca* (1997), 124 Ohio App.3d 231.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–200.

Decided Nov. 24, 1997.

*Ron M. Graham,* Mentor City Prosecutor, for appellee.

*Michael D. Murray,* for appellant.

FORD, Presiding Judge.

Appellant, Juan A. Fonseca, brings this appeal from a judgment of the Mentor Municipal Court in which the court accepted his guilty plea and found him guilty of petty theft, R.C. 2913.02(A).

On October 17, 1996, appellant was charged with forgery, R.C. 2913.31(B)(1); petty theft, R.C. 2913.02(A)(1) and (3); and possessing an identification card that is fictitious or that has been canceled, revoked, suspended, or altered, R.C. 4507.30(A). During his initial appearance on October 17, 1996, the trial court read the charges to appellant. The court then asked appellant how he wished to

plead. It then became apparent to the court that appellant did not speak fluent English or understand English very well, and that he was of a Hispanic background. An unknown person in the courtroom who claimed to be fluent in both English and Spanish attempted to assist appellant in understanding the court's questions directed to appellant.

Appellant entered a plea of guilty to petty theft, R.C. 2913.02(A). The court sentenced appellant to thirty days in the Lake County Jail, imposed a fine of $300, and dismissed the other charges.

On October 25, 1996, appellant filed a motion to vacate his guilty plea, which was overruled by the trial court on that same day. Appellant filed his notice of appeal on November 12, 1996. The trial court did not enter a judgment of conviction setting forth the plea and the sentence until January 9, 1997. Pursuant to this court's judgment entry filed on March 24, 1997, appellant's notice of appeal is being considered a premature appeal of this matter.[1] Appellant now asserts the following sole assignment of error[2]:

"[Appellant] was denied due process of law in violation of [Crim.R. 11], the Fourteenth Amendment to the United States Constitution and Article I, Section [10] of the Ohio Constitution where the court failed to comply with [Crim.R.] 11, 5(A), 10(C), and 11(E)."

Appellant's basic assertion is that the trial court failed to comply with the requirements of Crim.R. 5, 10, and 11 in accepting his guilty plea. Crim.R. 5 sets forth the procedure to be followed during an initial appearance and provides in pertinent part:

"(A) *Procedure upon initial appearance.* When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:

"(1) Of the nature of the charge against him;

"(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

"(3) That he need make no statement and any statement made may be used against him;

" * * *

---

1. Upon a review of the record, the only portion of appellant's sentence that has been stayed is the fine.

2. Appellee has failed to file a brief in this matter.

"(5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.

" \* \* \*

"In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim.R. 10 and Crim.R. 11 applies."

 Failure by the trial court to inform the accused of his rights as required by Crim.R. 5(A), 10(C), and 11(E) constitutes prejudicial error. *State v. Orr* (1985), 26 Ohio App.3d 24, 25, 26 OBR 192, 193–194, 498 N.E.2d 181, 183.

 In the case at bar, the trial court read the charges, the maximum penalties involved, and the underlying facts of each offense to appellant, but after doing so, the court realized that appellant did not understand English very well. After learning this, the court did not assure that the charges were explained to appellant in Spanish so that he could understand the nature of the charge. Further, the court never informed appellant that (1) he had a right to counsel, (2) he was not required to make any statement, and (3) he was required to request a jury trial in a petty offense case. Thus, the requirements of Crim.R. 5 were not satisfied and appellant's plea is vacated on that basis.

Furthermore, the court asked appellant how he wished to plead, and he pleaded guilty. Therefore, the court was required to demonstrate compliance with the requirements of Crim.R. 10 and 11. Crim.R. 10(C) states, in relevant part:

"When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands all of the following:

"(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

"(2) He has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.

" \* \* \*

"(4) He need make no statement at any point in the proceeding, but any statement made can and may be used against him."

 In the present case, appellant was not represented by counsel at the time that he entered his guilty plea. None of the applicable requirements of Crim.R. 10 was satisfied in the present case because the trial court did not inform appellant of his right to an attorney, that one would be assigned to him if he could

not afford an attorney, and that he was not required to make any statement. Thus, appellant's plea does not satisfy the requirements of Crim.R. 10, and his plea is vacated on that basis.

Further, Crim.R. 11(E) applies to pleas on misdemeanor cases involving petty offenses and provides, in part:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

■ Pursuant to Crim.R. 11(E), the record must "affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently, and knowingly." *State v. Joseph* (1988), 44 Ohio App.3d 212, 213, 542 N.E.2d 690, 691. When there is a possibility of imprisonment in a misdemeanor case, the rule requires a meaningful dialogue between the court and the defendant. *State v. Mascaro* (1991), 81 Ohio App.3d 214, 216, 610 N.E.2d 1031, 1032.

■ In the case *sub judice*, no such meaningful dialogue occurred. In *State v. Pina* (1975), 49 Ohio App.2d 394, 399, 361 N.E.2d 262, the court held that when an accused does not understand English, "it is prejudicial error not to require a translation and record of what the defendant says or to accept the conclusion of the interpreter that the message of the court has been conveyed[.]"

■ This is precisely what occurred in the case *sub judice*. Appellant did not understand English and some unidentified person acted as appellant's interpreter.[3] The following colloquy occurred:

"[THE] COURT: You got anybody here that understands English better than you?

"UNKNOWN PERSON: I do, sir.

"THE COURT: Well, why don't you just come up here. Are you charged with something too or are you his friend?

"UNKNOWN PERSON: (Inaudible.)

"THE COURT: Well, you can come on up here.

"Sounds to me like he better enter a 'not guilty' plea, seeing as he can go to jail big time.

"UNKNOWN PERSON: He said he's guilty."

---

**3.** In an affidavit accompanying appellant's motion to vacate his plea, appellant stated that the individual who attempted to translate was of "Puerto Rican [descent.]"

The court then accepted appellant's guilty plea and stated that appellant's sentence would be thirty days, and the unknown person replied "[h]e says, 'okay.'" Thus, the court accepted the word of an unknown person rather than the response of appellant, which was specifically prohibited in *Pina*. Additionally, there is no record of the exact content of appellant's responses to the court's questions. Further, the record does not demonstrate that appellant understood the court's description of the charges, since they were never translated to him. Therefore, based upon appellant's demonstrated lack of understanding of English, we conclude that appellant's plea was not knowingly made and his plea is also vacated on that ground.

Consequently, it is clear that there was a complete lack of compliance with the mandates of Crim.R. 5, 10, and 11.

For the foregoing reasons, appellant's assignment of error is well taken. Accordingly, appellant's plea is vacated. The judgment of the Mentor Municipal Court is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY and NADER, JJ., concur.