[Cite as *State v. DeCola*, 2017-Ohio-4232.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0037** |
| JERRY DECOLA, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Ashtabula Municipal Court, Case No. 15 CRB 01157 AB.

Judgment: Affirmed.


*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Sheila M. Sexton*, P.O. Box 1206, Willoughby, OH 44096-1206 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, Jerry DeCola, appeals from the June 21, 2016 judgment entry of sentence of the Ashtabula Municipal Court. The trial court found appellant guilty of resisting arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A), and of aggravated disorderly conduct, a fourth-degree misdemeanor in violation of R.C. 2917.11(A)(1) & (E)(3). For the following reasons, the trial court's decision is affirmed.

{¶2} A summons and complaint was filed in the Ashtabula Municipal Court on July 27, 2015, charging appellant with resisting arrest and aggravated disorderly conduct. Appellant was summoned to appear in court on August 4, 2015. After appellant failed to appear, the trial court issued a warrant for his arrest on August 13, 2015.

{¶3} Appellant appeared in court on November 30, 2015. It is unclear from the record whether appellant was arrested on the warrant issued or if he appeared on his own. Appellant explained that he failed to appear on August 4, 2015, because he had been in the hospital and was told "the Court date might have been cancelled and everything." After the judge explained appellant's rights and the effects of different pleas, appellant requested an attorney. A plea of not guilty was entered on appellant's behalf. The following exchange took place regarding appellant's speedy trial rights:

> **Court:** Okay. Well, you have a right to what's known as a speedy trial. That would be, we would have to set this within a period of time, where you would have to be ready to proceed and have all your witnesses, and the prosecutor would be ready to go to trial.
>
> If you would like to have a pretrial, you would waive your speedy trial rights and you would request a pretrial, where your attorney and you can meet with the prosecutor to see if this matter can be resolved before going to trial. That's why it's called a pretrial.
>
> So, it is up to you what you want to do.
>
> **Appellant:** A pretrial.

{¶4} Thereafter, appellant executed a written time waiver, which states, "I fully understand that my request may result in an extension of time beyond that provided for under O.R.C. 2945.71. I further acknowledge and waive my rights pursuant to O.R.C.

2

2945.71, 2945.72 and 2945.73, as well as the Federal and State Constitutional speedy trial provisions."

{¶5}  Appellant was appointed counsel and a pretrial was set for March 1, 2016. The case was set for a change of plea hearing on April 7, 2016.  Plea negotiations broke down, and the parties requested the matter be set for trial, which was scheduled for May 24, 2016.

{¶6}  Appellant appeared for trial before the court on May 24, 2016, represented by counsel.  Prior to trial, he agreed to enter a no contest plea to both charges, waiving presentation of evidence and stipulating to a finding of guilt.  Before taking his plea, the judge explained the charges, the maximum penalty under each charge, and the constitutional rights appellant would waive by pleading no contest.  The trial court accepted the pleas and made a finding of guilty.

{¶7}  On June 21, 2016, appellant was sentenced to a jail term of 100 days with 90 days suspended and 0 days credit for time served.  Appellant was ordered to report to jail on September 27, 2016.  Appellant was placed on one year of supervised probation.  He was to continue treatment at Signature Health and follow all treatment recommendations.  The court also imposed a fine of $750, with $250 suspended, for resisting arrest and a fine of $100 for aggravated disorderly conduct, plus costs.

{¶8}  On July 21, 2016, appellant filed a timely notice of appeal from the trial court's June 21, 2016 sentencing entry.

{¶9}  Appellant asserts two assignments of error on appeal:

[1.] The trial court committed prejudicial error in denying Defendant-Appellant his speedy trial rights.

3

[2.] The trial court committed prejudicial error in accepting a plea from the Defendant-Appellant without adequate inquiry into whether he subjectively understood.

{¶10} In his first assignment of error, appellant argues the trial court violated his constitutional and statutory speedy trial rights when trial was scheduled 10 months after appellant's arrest. In response, appellee argues appellant waived his speedy trial rights when he executed a written waiver of time after his arraignment and failed to withdraw the waiver in the trial court.

{¶11} The United States Constitution, through the Sixth and Fourteenth Amendments, guarantees a criminal defendant the right to a speedy trial by the state. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987), quoting *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978), citing *Klopfer v. North Carolina*, 386 U.S. 213 (1967). Section 10, Article 1 of the Ohio Constitution also guarantees that right. *Id.*

{¶12} The Ohio General Assembly codified these constitutional provisions in R.C. 2945.71. *Id.* For a misdemeanor of the third or fourth degree, the accused must be brought to trial within 45 days after the person's arrest or the service of summons, and within 90 days for a misdemeanor of the first or second degree. R.C. 2945.71(B)(1)-(2). When multiple charges that arose out of the same transaction are pending against the defendant, the defendant will be brought to trial "on all of the charges within the time period required for the highest degree of offense charged[.]" R.C. 2945.71(D).

{¶13} In the trial court, appellant did not file a motion to dismiss for lack of speedy trial or otherwise object on speedy trial grounds. "[A]ppellant's failure to file a proper motion to dismiss at any time prior to trial prevents this court from considering

4

the allegation of a statutory speedy trial violation on appeal. * * * Without a motion filed and considered by the trial court, there is simply nothing for this court to review in order to reach a conclusion that the trial court erred." *State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2016-Ohio-8424, ¶28, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶37 (citation omitted).

{¶14} In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court "set forth a balancing test that considers the following factors to determine whether trial delays are reasonable under the Sixth and Fourteenth Amendments to the United States Constitution: 'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *Taylor*, *supra*, at ¶38, quoting *Barker, supra,* at 530. In this case, however, we do not need to consider the balancing test because appellant waived his speedy trial rights by signing a written waiver and never revoking that waiver.

{¶15} A defendant in a criminal action can waive the constitutional right to a speedy trial as long as the waiver is made voluntarily and knowingly. *State v. King*, 70 Ohio St.3d 158, 160 (1994) (citation omitted). The Ohio Supreme Court has held that the statutory trial provisions in R.C. 2945.71 are "coextensive with constitutional speedy trial provisions," and therefore, "an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions." *Id.* (citation omitted).

{¶16} "Regarding the duration of a speedy-trial waiver, when such a waiver does not contain any reference to a specific time period, it will be deemed unlimited in

5

duration." *State v. Schwentker*, 11th Dist. Ashtabula No. 2015-A-0012, 2015-Ohio-5526, ¶29 (citations omitted). "'[F]ollowing an express written waiver of unlimited duration by an accused of his speedy trial rights the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" *State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691 (11th Dist.), ¶41, quoting *O'Brien, supra,* at 9.

**{¶17}** On November 30, 2016, appellant pled not guilty to both charges and executed a written waiver of time and a request for pretrial. Prior to executing the waiver, the trial court explained appellant's speedy trial rights and the effect of requesting a pretrial. The waiver expressly and unambiguously states appellant is waiving his rights pursuant to R.C. 2945.71, et seq., as well as the Federal and State Constitutional speedy trial provisions. Appellant expressly waived both his statutory and constitutional speedy trial rights. The speedy trial waiver did not include a specific time limit, and, therefore, there was no limit to appellant's waiver of his right to a speedy trial. Appellant never submitted a written objection to his waiver or made a demand for trial. Therefore, it is clear he failed to withdraw the waiver of his speedy trial rights.

**{¶18}** Appellant's first assignment of error is without merit.

**{¶19}** In his second assignment of error appellant argues the trial court failed to substantially comply with Crim.R. 11(C)(2) when it accepted appellant's plea of no contest without ensuring appellant understood the plea and its consequences. Appellant maintains that his comments regarding threats and being in fear warranted a further inquiry by the trial court of appellant's substantive understanding of the plea.

**{¶20}** Crim.R. 11 sets forth the trial court's obligations prior to accepting a plea in felony cases, misdemeanor cases involving serious offenses, and misdemeanor cases involving petty offenses. The information a trial court is required to provide a criminal defendant is different at each offense level. Here, Crim.R. 11(C) is inapplicable because it provides the procedure a court must follow in accepting a plea in a felony case, and appellant's case involves two misdemeanors.

**{¶21}** Under Crim.R. 2(D), a petty offense is "a misdemeanor other than a serious offense." A serious offense as defined in Crim.R. 2(C) is "any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." In the present case, because the offenses of resisting arrest and aggravated disorderly conduct each carry maximum prison sentences of six months or less, they are considered petty offenses. *See* R.C. 2929.24(A).

**{¶22}** Crim.R. 11(E) prescribes the trial court's obligations in accepting a plea in a misdemeanor case involving a petty offense. Crim.R. 11(E) states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." "[A] trial court is required to inform the defendant only of the effect of the specific plea that is being entered." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶20. "The effect of a no contest plea is that: (1) it is an admission of the truth of the facts as alleged in the charging instrument; (2) the plea cannot be used against the defendant in any subsequent proceeding; and (3) after the plea is entered, the court may proceed with sentencing." *State v. Dundics*, 11th Dist. Trumbull No. 2015-T-0047, 2016-Ohio-1368, ¶13, citing Crim.R. 11(B)(2).

7

{¶23} The record must "'affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently, and knowingly.'" *State v. Fonseca*, 124 Ohio App.3d 231, 235 (11th Dist.1997), quoting *State v. Joseph*, 44 Ohio App.3d 212, 213 (9th Dist.1988), citing Crim.R. 11(E). "[I]n misdemeanor cases in which incarceration is a possibility * * * a 'meaningful dialogue between the court and the defendant' is required." *Kirtland v. Clark*, 11th Dist. Lake No. 2011-L-090, 2012-Ohio-3889, ¶16, quoting *Fonseca, supra*, at 235.

{¶24} "[F]ailure to comply with nonconstitutional rights [such as the information in Crim.R. 11(B)(2)] will not invalidate a guilty plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990); *see also State v. Parish*, 11th Dist. Trumbull No. 2010-T-0105, 2011-Ohio-3751, ¶10 (citations omitted). "The test for prejudice is 'whether the plea would otherwise have been made.'" *Griggs, supra*, at ¶12, quoting *Nero, supra*, at 108. When reviewing a plea for compliance with Crim.R. 11(B)(2) an appellate court uses a substantial compliance standard, meaning that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero, supra*, at 108.

{¶25} Before accepting appellant's no contest pleas, with defense counsel present, the following exchange took place between the trial court and appellant:

> **Court:** Okay. All right. Well, it's my understanding, you're pleading no contest to each of the charges and waiving presentation of evidence, stipulating to a finding of guilt; is that correct?
>
> **Appellant:** Yes.
>
> **Court:** And the charges are Resisting Arrest, which is a misdemeanor of the second degree, the maximum jail sentence is 90 days, maximum fine is $750.00. And, Aggravated Disorderly

8

Conduct is a misdemeanor of the fourth degree, the maximum jail sentence is 30 days and $250.

And by pleading no contest today, you do understand you're waiving your right to a trial? We were scheduled for trial today.

**Appellant:** (No answer).

**Court:** We were scheduled for trial today, but there won't be a trial.

**Appellant:** (No answer).

**Court:** Do you understand there won't be a trial?

**Appellant:** Yeah, that I understand. Yes.

**Court:** You won't – you're waiving your right to confront and cross-examine witnesses; you're [sic] right to subpoena your own witnesses; your right to have the State prove you guilty of these charges beyond a reasonable doubt, and your right against self-incrimination. That's what you're doing today, you're waiving all those rights.

**Appellant:** Yeah, I understand that. I didn't hear that last – I wasn't aware of that last part, but that's okay, but I understand.

* * *

**Court:** And you're doing all this after consultation with your attorney, correct?

**Appellant:** Yes, because I don't want to go to jail.

**Court:** Okay.

**Appellant:** Because, I don't want to go to jail. I've held things over me for about three years now. People have been holding stuff over me for three years.

**Court:** All right. I just want to make sure you're entering into this no contest plea knowingly, willingly, and no one's forced you or threatened you in any way to plead no contest?

**Appellant:** I'm entering it out of fear. I'm not sure what you mean? Out of extreme fear I'm entering it. But, I know what it means. And I've been put in situations repeatedly with the sheriff's department since June 2012, that were very fearful and I'm – but – so, do I want – so, so do I want to stop the damage, yes.

**Court:** Has anyone threatened you in any way to take this –

9

**Appellant:** Not now, but in fact somebody did in 2015, yes.

**Court:** I'm talking about to make you plead no contest today, did anyone force you or threatened [sic] you?

**Appellant:** To plead no contest on this, no, that did not happen.

**Court:** I will accept your plea of no contest. I will make a finding of guilt. And, it's my understanding, there will be a pre-sentence investigation; is that correct?

**Prosecutor:** That's correct, your Honor.

{¶26} Although the trial court entered into a meaningful dialogue with appellant, it did not explain the effect of a no contest plea under Crim.R. 11(B)(2). Appellee maintains that the trial court complied with Crim.R. 11(B)(2) when it previously advised appellant of the effects of a no contest plea at his arraignment hearing.

{¶27} The following language from *State v. Jones,* although merely dicta, is instructive in this case:

> Crim.R. 11(E) requires that a trial court inform the defendant of the effect of a plea before accepting a no contest or guilty plea. It does not, however, require that this information be necessarily given at the same hearing. The dissent fails to recognize that trial courts often conduct mass arraignment hearings in which defendants are informed of their constitutional rights as well as the effect of the plea of guilty, no contest, and not guilty.

*Jones*, *supra*, at ¶20, fn. 3 (citations omitted); *see also State v. Perkins*, 10th Dist. Franklin No. 07AP-924, 2008-Ohio-5060, ¶53-54. "We agree with the reasoning set forth in *Perkins* and *Jones* and accordingly hold that a trial court complies with Crim.R. 11(E) when it explains the effect of a plea during an arraignment." *State v. Arnold*, 7th Dist. Monroe No. 08 MO 7, 2009-Ohio-2649, ¶21.

{¶28} At appellant's arraignment the trial court stated: "No contest, you're not admitting guilt. You're admitting to the facts of the complaint. A plea of no contest will more than likely result in a finding of guilt by this court and I will move to sentencing. It

10

cannot be used against you at any subsequent civil or criminal proceedings." The trial court informed appellant of the effects of a no contest plea pursuant to Crim.R. 11(B)(2) prior to the time he entered his no contest pleas.

{¶29} The trial court complied with Crim.R. 11(B)(2) and (E). The record reflects appellant's no contest pleas were entered knowingly, intelligently, and voluntarily. Therefore, appellant's second assignment of error is without merit.

{¶30} For the foregoing reasons, the judgment of the Ashtabula Municipal Court is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.