[Cite as *State v. Weaver*, 2025-Ohio-3094.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-5 |
| Appellee | : | |
| | : | Trial Court Case No. 25-CRB-001-0038 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| BENJAMIN DAVID WEAVER | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 29, 2025, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

**OPINION**
DARKE C.A. No. 2025-CA-5

CHRISTOPHER BAZELEY, Attorney for Appellant
JOSHUA M. KUNKEL, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Benjamin David Weaver appeals from a judgment of the Darke County Municipal Court convicting him of one count of domestic violence following his guilty plea and denying his presentence motion to withdraw his guilty plea. For the following reasons, we reverse the judgment of the trial court and remand for the trial court to vacate Weaver's plea and conduct further proceedings.

## I.  Procedural History

{¶ 2} On February 12, 2025, a complaint filed in the Darke County Municipal Court charged Weaver with one count of domestic violence (threats), in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. Weaver appeared via video from the jail for his initial appearance that same day. He was not represented by counsel. Weaver entered a guilty plea to the offense as charged and signed a waiver of his constitutional rights, which was filed the next day. The trial court accepted his plea, found him guilty, and then read a statement of facts into the record. Because the victim was not present, a sentencing hearing was scheduled for a later date.

{¶ 3} On February 14, 2025, Weaver filed an application for appointed counsel. He also filed an inmate request form, which stated as follows:

Type of Request: CHANGE OF PLEA

Details or Reasons: NOT COMFORTABLE WITH PLEA, STATEMENT/POLICE REPORT READ AFTER HEARING AND SIGNING.

**{¶ 4}** On February 17, 2025, Weaver appeared in court without counsel for sentencing.  The trial court denied Weaver's oral request to dismiss his case and request to change his plea.  The trial court sentenced Weaver to two years of community control sanctions, including a sentence of 30 days in jail with credit for 7 days served and the remaining 23 days suspended on condition of compliance with his community control sanctions and no further violations of law.  The trial court ordered that Weaver report for a mental health evaluation, comply with any recommendations, and file a release of information.  The trial court further imposed a $150 fine and court costs.

**{¶ 5}** Weaver filed another inmate request form, dated February 14, 2025, on February 18, 2025, which stated as follows:

Type of Request: PUBLIC DEFENSE AND LEGAL AID: CHANGE PLEA NOT GUILTY.

Details or Reason: NO EVIDENCE AND NEVER GOT TO MY STORY.  NO HAMMER NO [SIC] OR CONTACT WITH MOM OR THREATENING IN ANY SHAPE OR FORM! DISHEARTENING. PLEASE GET ME OUT.  I WANT NOTHING BUT THE BEST FOR EVERYONE BUT WILL NOT RISK JOB LOSS.

**{¶ 6}** Nothing in the record indicates whether the February 18, 2025 filing was considered or addressed by the court prior to Weaver's filing a timely notice of appeal. Weaver raises the following four assignments of error on appeal:

WEAVER'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY GIVEN BECAUSE THE TRIAL COURT FAILED TO ADVISE HIM OF HIS CONSTITUTIONAL RIGHTS AS REQUIRED BY CRIM.R. 5 AND CRIM.R. 10.

THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE OF INCARCERATION DESPITE WEAVER NOT HAVING COUNSEL AND NOT WAIVING THE SAME IN CONTRAVENTION OF *SCOTT V. ILLINOIS* (1979), 440 U.S. 367.

THE TRIAL COURT ERRED WHEN IT OVERRULED WEAVER'S MOTION TO WITHDRAW HIS GUILTY PLEA.

THE TRIAL COURT ERRED WHEN IT ALLOWED THE VICTIM TO DICTATE THE TERMS OF WEAVER'S SENTENCE.

Weaver's first assignment of error is dispositive of this appeal.

## II. Initial Appearance and Plea

{¶ 7} In his first assignment of error, Weaver contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him of his rights as required by Crim.R. 5 and 10, which resulted in prejudicial error. Weaver claims that the court failed to advise him of his "right to retain counsel, have counsel appointed, could obtain a continuance to obtain counsel, remain silent, or to file a written demand for a jury trial." Appellant's Brief, p. 4. The State responds that the trial court substantially complied with Crim.R. 11 and Weaver's written waiver demonstrated he understood his rights and voluntarily waived them.

{¶ 8} "Crim.R. 5(A) establishes a mandatory recitation of specific rights which must be presented to a criminal defendant upon an initial appearance before the trial court." *State v. Rupp*, 2009-Ohio-6494, ¶ 9 (6th Dist.). Crim.R. 5(A) states, in relevant part, as follows:

When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or the accused's counsel to read the

complaint or a copy thereof, and shall inform the defendant:

(1) Of the nature of the charge against the defendant;

(2) That the defendant has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel;

(3) That the defendant need make no statement and any statement made may be used against the defendant;

. . .

(5) Of the right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.

. . .

In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim.R. 10 and Crim.R. 11 applies.

{¶ 9} Crim.R. 10 requires a similar explanation of rights when a defendant who is not represented by counsel is brought before the court and called upon to enter a plea at the time of arraignment. Under Crim.R. 10(C), "the judge or magistrate shall cause the defendant to be informed and shall determine that the defendant understands all of the following:"

(1) The defendant has a right to retain counsel even if the defendant intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

(2) The defendant has a right to counsel, and the right to a reasonable

continuance in the proceeding to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel.

(3) The defendant has a right to bail, if the offense is bailable.

(4) The defendant need make no statement at any point in the proceeding, but any statement made can and may be used against the defendant.

{¶ 10} "A misdemeanor defendant may be asked to plead at an initial appearance; however, the court must comply with the procedures set forth in Crim.R. 10, governing arraignments, and Crim.R. 11, governing pleas." *State v. Owens*, 2010-Ohio-564, ¶ 22 (2d Dist.), citing Crim.R. 5(A). Crim.R. 11 outlines the procedures courts must follow when accepting pleas, and those procedures vary depending on whether the offense is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Howard*, 2018-Ohio-5160, ¶ 17 (2d Dist.), citing *State v. Jones*, 2007-Ohio-6093, ¶ 11, and *State v. Hall*, 2012-Ohio-2539, ¶ 18 (2d Dist.). A "serious offense" means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D).

{¶ 11} Weaver pleaded guilty to one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. The maximum jail term for a fourth-degree misdemeanor is 30 days. R.C. 2929.24(A)(4). Accordingly, Weaver's offense constituted a "petty offense" under Crim.R. 2(D). Furthermore, because Weaver was charged with a fourth-degree misdemeanor, which included the possibility of imprisonment, he was entitled to a trial by jury. R.C. 2945.17.

{¶ 12} For pleas involving petty offenses, a trial court is required to inform the defendant only of the effect of the specific plea being entered and must use the appropriate language under Crim.R. 11(B). *Jones* at ¶ 25; Crim.R. 11(E). The supreme court has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Id*. The notification may be given either orally or in writing. *Id*. at ¶ 51.

{¶ 13} The trial court informed Weaver of the nature of the charges, the maximum possible penalty, and the effect of a guilty plea. However, Weaver was not represented by counsel when he entered his guilty plea at his initial appearance. The trial court did not inform Weaver of his right to counsel, of the right to a reasonable continuance in the proceedings to secure counsel, or of the right to have counsel assigned without cost if he was unable to hire counsel. Crim.R. 5(A)(2); Crim.R. 10(C)(1) and (2). Nor was Weaver informed that he need not make any statement and that any statement made could be used against him. Crim.R. 5(A)(3); Crim.R. 10(C)(4). Although the trial court advised Weaver he had a right to a jury trial, it did not inform Weaver of the need to make a demand for a jury trial if a jury was desired. Crim.R. 5(A)(5); R.C. 2938.04. The trial court also failed to comply with Crim.R. 10(A), which provides that at the arraignment, the defendant "shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, *before* being called upon to plead." (Emphasis added.)

{¶ 14} The State asserts that because Weaver signed the waiver form, which included notification of a defendant's constitutional right to counsel and the right to have appointed counsel if indigent, there was substantial compliance with the notifications, such

that Weaver knowingly, intelligently, and voluntarily entered his guilty plea. We do not agree.

{¶ 15} The plain language of Crim.R. 5 provides that, "[w]hen a defendant first appears before a judge or magistrate, the judge or magistrate . . . shall inform the defendant" of the information required under the rule. "Compliance with Crim.R. 5 is mandatory. If the state fails to effectively communicate a criminal defendant's rights, it deprives him of the ability to make a knowing and voluntary waiver of them." *State v. Gearig*, 2010-Ohio-939, ¶ 11 (6th Dist.). "[A] trial court's failure to inform an accused of his or her rights as required by Crim.R. 5 constitutes prejudicial error." *State v. Bates*, 2006-Ohio-3777, ¶ 22 (11th Dist.), citing *State v. Fonseca*, 124 Ohio App.3d 231, 234 (11th Dist. 1997) and *State v. Orr*, 26 Ohio App.3d 24, 25 (11th Dist. 1985). Furthermore, pursuant to Crim.R. 10(C), which applies if a defendant pleads guilty at an initial appearance, the court shall cause the defendant to be informed of the enumerated rights and determine that the defendant understands all of them. "Failure to comply with Crim.R. 10(C) constitutes 'prejudicial error.' " *Gearig* at ¶ 16, quoting *Orr* at 25.

{¶ 16} The transcript reveals no meaningful dialogue between the court and Weaver concerning his rights under Crim.R. 5(A) and 10(C) or about the waiver he signed. Weaver was handed a waiver form while at the jail and informed that if the form met Weaver's approval, he should sign it. Before signing the form, Weaver asked whether it would affect his tenant rights with the victim (his mother, with whom he lived). The trial court declined to advise him of any tenant law and asked if Weaver had any questions about the form he signed. Weaver asked about the difference between a guilty and no contest plea. The trial court informed him of the difference between the pleas. No additional discussion about the waiver form occurred.

**{¶ 17}** "[A] defendant's written waiver does not absolve the trial court from its responsibility to explain the fundamental rights and constitutional guarantees available to defendant." *State v. Schniable*, 1997 WL 177848, *3 (7th Dist. Apr. 9, 1997), citing *State v. Luhrs*, 69 Ohio App.3d 731, 735 (9th Dist. 1990). Moreover, while the waiver form addressed some of Weaver's constitutional rights, it did not advise him of all his rights under Crim.R. 5(A) and 10(C) and was not a sufficient substitute for doing so. Here, the trial court failed to advise Weaver of nearly all of his rights under Crim.R. 5(A) and 10(C), which resulted in prejudice. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Jones*, 2007-Ohio-6093, at ¶ 52, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**{¶ 18}** Weaver appeared at his initial hearing without counsel; he then entered a guilty plea and gave up all his rights without a full explanation and verification of his understanding of his rights. In an attempt to reverse course, Weaver filed an affidavit of indigency to apply for appointed counsel, requested a dismissal, and attempted to withdraw his plea prior to sentencing. Weaver was not granted counsel, his motions were denied, and he was sentenced to jail time, albeit with the majority of the time suspended. When he attempted to explain his reason for seeking to dismiss his case, Weaver tried to say there was insufficient evidence but was cut off by the court. Under these circumstances, we conclude that Weaver has demonstrated prejudice.

**{¶ 19}** Accordingly, Weaver's first assignment of error is sustained.

### III. Remaining Assignments of error

**{¶ 20}** Because of our resolution of Weaver's first assignment of error, we need not address Weaver's second, third, and fourth assignments of error. App.R. 12(A)(1)(c).

## IV.    Conclusion

**{¶ 21}** Having sustained Weaver's first assignment of error, we reverse the trial court's judgment and remand for it to vacate Weaver's plea and conduct further proceedings.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.