OPINION
{¶ 1} Defendant-appellant, Chee W. Yuen, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of involuntary manslaughter in violation of R.C. 2903.04(A), one count of kidnapping in violation of R.C.2905.01, and one count of aggravated robbery in violation of R.C.2911.01, each with a firearm specification pursuant to R.C.2929.71, and sentencing him accordingly. Because appellant's right to a speedy trial was not violated, we affirm that judgment.
 {¶ 2} Appellant's journey through the criminal justice system began in 1992, after the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, bound him over to the Franklin County Court of Common Pleas to be tried as an adult for the death of Jack Kounlavong. After a Franklin County grand jury charged him with a variety of offenses, appellant pled guilty to one count of murder in violation of R.C. 2903.02, one count of kidnapping in violation of R.C. 2905.01, and one count of aggravated robbery in violation of R.C. 2911.01, each with a firearm specification pursuant to R.C. 2929.71. The trial court sentenced him accordingly and appellant did not appeal his convictions. On August 8, 1996, appellant filed a petition for post-conviction relief, asking the trial court to vacate his convictions. The trial court denied appellant's motion and this court affirmed that decision. State v. Yuen (Sept. 7, 1999), Franklin App. No. 99AP-55.
 {¶ 3} On December 11, 2000, appellant filed a motion to withdraw his guilty pleas. The trial court denied appellant's motion but, on September 26, 2002, this court reversed that decision and remanded the matter for further proceedings. Statev. Yuen, Franklin App. No. 01AP-1410, 2002-Ohio-5083 ("Yuen
II"). Plaintiff-appellee, the State of Ohio, did not appeal that decision.
 {¶ 4} Appellant's file was returned to the trial court on October 11, 2002. On December 31, 2002, the trial court ordered a January 6, 2003 trial date. At the trial court's own initiative, that trial date was continued for two days, until January 8, 2003, due to the trial judge's unavailability and the need to appoint counsel for appellant. On January 8, 2003, appellant was appointed counsel and the parties agreed to a continuance of the trial until April 14, 2003. On April 10, 2003, appellant filed a motion to dismiss the charges against him, claiming for the first time that his right to a speedy trial had been violated by the delay in trying him after this court remanded the matter in Yuen II. At the April 14 hearing, the trial court, over appellant's objection, continued the trial in this matter until April 28, 2003. On April 28, 2003, the trial court orally denied appellant's motion to dismiss. Immediately thereafter, appellant entered no contest pleas to one count of involuntary manslaughter in violation of R.C. 2903.04(A), one count of kidnapping in violation of R.C. 2905.01, and one count of aggravated robbery in violation of R.C. 2911.01. Each count also contained a firearm specification pursuant to R.C. 2929.71. The trial court found appellant guilty of the offenses and sentenced him accordingly.
 {¶ 5} Appellant appeals, assigning the following error:
The trial court erred as a matter of law in failing to grant appellant's motion to dismiss on the grounds that appellant's speedy trial rights were violated, contra the ohio constitution, article I, section 10, and the fourth and fourteenth amendments of the U.S. constitution.
 {¶ 6} Appellant contends the trial court should have granted his motion to dismiss because the state violated his right to a "speedy trial." Appellant asserts that the trial court's failure to grant his motion to dismiss constituted error. We disagree.
 {¶ 7} In reviewing whether a defendant was denied his right to a speedy trial, this court reviews questions of law de novo and applies the clearly erroneous standard to questions of fact.State v. Auterbridge (Feb. 25, 1998), Lorain App. No. 97CA006702.
 {¶ 8} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution. The speedy trial rights guaranteed by the federal and Ohio constitutions are essentially equivalent. State v. Butler (1969), 19 Ohio St.2d 55, 57. Ohio also has statutory provisions to ensure that a criminal defendant receives a speedy trial. See R.C. 2945.71, et seq. However, as appellant concedes, those statutes do not apply following the reversal of convictions by an appeals court, although they can provide guidance in determining the reasonableness of any delay.State v. Fanning (1982), 1 Ohio St.3d 19, 21; State v. Zerla
(Dec. 22, 1994), Franklin App. No. 94APA03-350. Thus, appellant's right to a speedy trial in this case is based on the constitutional standard. State v. Pearson (1998),130 Ohio App.3d 577, 590; State v. Montaz-Pagan (Oct. 18, 1996), Trumbull App. No. 96-T-5451.
 {¶ 9} In Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182, the United States Supreme Court set forth a balancing test to determine whether trial delays are reasonable under theSixth Amendment to the United States Constitution. The Supreme Court identified four factors courts should balance in making this determination: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of speedy trial rights; and (4) any prejudice to appellant. Id. at 530. The Supreme Court of Ohio has also adopted this test to determine if an individual's constitutional speedy-trial rights have been violated. State v. Selvage (1997), 80 Ohio St.3d 465; State v.Boyer (Dec. 27, 1994), Franklin App. No. 94APA06-938.
 {¶ 10} The first of these factors, the length of the delay, "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."Barker, supra, at 530; see, also, Doggett v. United States
(1992), 505 U.S. 647, 651, 112 S.Ct. 2686. Therefore, theBarker analysis is only triggered once a "presumptively prejudicial" delay is shown. Id. at 651-652; State v. Page, Fairfield App. No. 02 CA 69, 2003-Ohio-3856, at ¶ 10; State v.Smith, Cuyahoga App. No. 81808, 2003-Ohio-3524, at ¶ 10-11.
 {¶ 11} Appellant contends that the delay of more than 200 days after this court remanded the matter and before he was brought to trial on April 28, 2003 was presumptively prejudicial. We disagree, as 155 of those days do not count against the state in determining whether appellant's speedy-trial right was violated. See State v. Myers, 97 Ohio St.3d 335,2002-Ohio-6658, at ¶ 65 (reducing period of delay for speedy-trial determination by time attributed to, among other reasons, defendant's requested continuances).
 {¶ 12} Initially, the first 45 days of the delay consisted of the time available for the state to appeal this court's decision in Yuen II. S.Ct.Prac.R. II, Sec. 2(A)(1)(a). "[T]he speedy trial time is tolled during any period in which any further appellate action initiated by either party may be taken and lasts until appellate jurisdiction lapses." State v. Boyd (Nov. 17, 1989), Lake App. No. 88-L-13-165; State v. Arden (Sept. 28, 1994), Adams App. No. 93 CA 567. This court reversed the trial court's decision to deny appellant's request to withdraw his guilty plea on September 26, 2002. The state had until November 11, 2002, to file an appeal from that decision to the Ohio Supreme Court. Even though the state did not appeal that decision, the 45-day period during which the state could have appealed does not run against the state for speedy-trial purposes. State v. Clark (June 7, 2002), Montgomery App. No. 19016.
 {¶ 13} Next, the parties agreed to continue the January 8 trial date to April 14, 2003. Although appellant claims he objected to that continuance, the record does not reflect an objection. In fact, appellant signed the entry granting the continuance, indicating his consent to the continuance and the waiver of his right to a speedy trial for the period of this continuance. Moreover, counsel was appointed for appellant on January 8, 2003, and would need the additional time to prepare for a trial. This continuance of 96 days from January 8, 2003 to April 14, 2003, cannot be counted against the state for purposes of appellant's speedy-trial claim. Cf. Zerla, supra (reducing delay by periods of reasonable continuances). Finally, the April 14 trial date was continued to April 28, 2003, after appellant filed a motion to dismiss on April 10, 2003. If a defendant files a motion to dismiss the charges against him, the time in which the defendant must be brought to trial is tolled until the motion is ruled upon. State v. Broughton (1991), 62 Ohio St.3d 253,261-262; State v. Bickerstaff (1984), 10 Ohio St.3d 62, 67. The trial court denied appellant's motion to dismiss on April 28, 2003. Therefore, those 14 days also do not count against the state.
 {¶ 14} For all of these reasons, the three periods of time: (1) September 26, 2002 through November 11, 2002; (2) January 8, 2003 through April 14, 2003; and (3) April 14, 2003 through April 28, 2003; do not count against the state for purposes of evaluating appellant's speedy-trial claim. This leaves a period of 58 days between November 12, 2002, and January 8, 2003.
 {¶ 15} We do not find the delay of 58 days in this case to be presumptively prejudicial. "[C]ourts have generally found postaccusation delay `presumptively prejudicial' at least as it approaches one year." Dogett, supra, at fn.1; State v.Bayless, Franklin App. No. 02AP-215, 2002-Ohio-5791, at ¶ 33. Courts also have found delays longer than 58 days not to be presumptively prejudicial. State v. Harrel (Dec. 29, 1998), Delaware App. No. 98CAA06029 (delay of four to five months);State v. Webb, Washington App. No. 01CA32, 2002-Ohio-3552, at ¶ 26 (delay of just over six months); State v. Pinson (Mar. 16, 2001), Scioto App. No. 00CA2713 (delay of six and one-half months); State v. Carter (Apr. 1, 1998), Lorain App. No. 97CA006703 (delay of nine months). In fact, this court previously has noted that a delay of 148 days is not presumptively prejudicial. State v. Billups (Aug. 15, 1991), Franklin App. No. 91AP-68. Accordingly, we determine that the 58-day delay in this case is not presumptively prejudicial. Because appellant has not made the threshold showing that there was a presumptively prejudicial delay, we need not weigh the remaining Barker factors. Harrel and Webb, supra.
 {¶ 16} Appellant's right to a speedy trial was not violated and the trial court properly denied appellant's motion to dismiss.
 {¶ 17} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Sadler, J., concur.