[Cite as *State v. Keaton*, 2017-Ohio-7036.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-716 |
| v. | : | (C.P.C. No. 14CR-1542) |
| David M. Keaton, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 1, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson.*

**On brief:** *Yeura Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, David M. Keaton, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On March 25, 2014, a Franklin County Grand Jury indicted appellant with two counts of nonsupport of dependents in violation of R.C. 2919.21. Both counts concerned periods of alleged nonsupport of his child between March 2012 and March 2014. On that same day, an arrest warrant was issued for appellant with an address on Fornoff Road in Columbus, Ohio.

{¶ 3}   Almost two years later, on February 8, 2016, appellant was arrested on those charges after an unrelated traffic stop.  Two days later, he appeared before the trial court, entered a not guilty plea to the charges and was released on bond.  Shortly thereafter, appellant filed a change of address form to indicate an address on North Harris Avenue.

{¶ 4}   On August 2, 2016, appellant filed a motion to dismiss the counts against him due to the state's failure to timely prosecute him in violation of the speedy trial protections in both the United States and Ohio Constitutions.  The trial court held a hearing on the motion, at which neither the state nor appellant presented witnesses.  At the end of the hearing, the trial court denied appellant's motion to dismiss.  As a result of the trial court's decision, appellant entered no contest pleas to both of the counts and the trial court sentenced him accordingly.

## II. The Appeal

{¶ 5}   Appellant appeals and assigns the following error:

> The trial court abused its discretion and erred as a matter of law by failing to determine any reasons for the state's delay in commencing the prosecution against the defendant-appellant as set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

### A.  Standard of Review

{¶ 6}   In his assignment of error, appellant argues the trial court erred in denying his motion to dismiss.  An appellate court's review of a trial court's decision regarding a motion to dismiss based upon a violation of the right to a speedy trial involves a mixed question of law and fact.  *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8. We must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case.  *Id.*, citing *Fultz* at ¶ 8; *State v. Jackson*, 1st Dist. No. C-150657, 2016-Ohio-5196, ¶ 8 (de novo standard of review for legal conclusions).

### B.  The Constitutional Right to a Speedy Trial

{¶ 7}   "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have

been committed."  Sixth Amendment to the U.S. Constitution.  The Sixth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Barker v. Wingo*, 407 U.S. 514, 515 (1972).  The Ohio Constitution separately guarantees the right to a speedy trial in Article I, Section 10.  *State v. Decola*, 11th Dist. No. 2016-A-0037, 2017-Ohio-4232, ¶ 11.

{¶ 8}  In *Barker*, the United States Supreme Court set forth four factors to consider when evaluating whether an appellant's right to a speedy trial was violated: (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay.  These factors are balanced in a totality of the circumstances with no one factor controlling.  *Id.*  The Supreme Court of Ohio has adopted this test to determine if an individual's constitutional speedy trial rights have been violated.  *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 88, citing *State v. Selvage*, 80 Ohio St.3d 465, 467 (1997).

{¶ 9}  The first of these factors, the length of the delay, "is to some extent a triggering mechanism.  Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  *Barker* at 530; *Doggett v. United States*, 505 U.S. 647, 651 (1992).  Therefore, the *Barker* analysis is only triggered once a "presumptively prejudicial" delay is shown.  *Id.* at 651-52; *State v. Yuen*, 10th  Dist.  No.  03AP-513,  2004-Ohio-1276,  ¶ 10.   Generally,  delay  is  presumptively prejudicial as it approaches one year.  *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 12; *State v. Loel*, 10th Dist. No. 13AP-874, 2014-Ohio-3045, ¶ 15.  The state does not dispute that the 22-month delay between indictment and arrest triggers a full inquiry into the *Barker* factors in this case.

## C.  The *Barker* Test

{¶ 10} Appellant argues that the trial court erred by not conducting a proper balancing of the *Barker* factors because it failed to determine or consider the reason for the delay.  To remedy that failure, he argues that we must remand the matter for the trial court to include that factor as part of a proper *Barker* analysis.  We disagree, because after this court's independent review of the *Barker* factors, we conclude that appellant has not

demonstrated a violation of his speedy trial rights. *State v. Williams*, 10th Dist. No. 13AP-992, 2014-Ohio-2737, ¶ 22; *State v. Quinnie*, 10th Dist. No. 12AP-484, 2013-Ohio-1208, ¶ 17.

### 1. The Length of the Delay

{¶ 11} The trial court found the length of the delay to be "troublesome." (Tr. at 6.) We agree that a 22-month delay in serving an arrest warrant is excessive. The weight of this factor in favor of appellant, however, is negligible because the record does not reflect that appellant knew of the indictment before his arrest. Such a delay, therefore, was not an "infringement on [appellant's] liberty." *State v. Triplett*, 78 Ohio St.3d 566, 569 (1997) (weight of 54-month delay in defendant's favor was negligible because the delay did not result in infringement of defendant's liberty as she was completely unaware of the charges); *State v. Tate*, 8th Dist. No. 103446, 2016-Ohio-5622, ¶ 23 (16-month delay weighed negligibly in defendant's favor where delay occurred before arrest and defendant was not aware of charges); *State v. McClain*, 9th Dist. No. 15AP0055, 2016-Ohio-4992, ¶ 14 (18-month delay during which defendant had no idea of pending charges).

### 2. The Reason for the Delay

{¶ 12} This factor, the focus of appellant's argument, looks to the reason for the delay and whether the government or the defendant is more to blame for the delay. *Quinnie* at ¶ 14, citing *Doggett* at 651; *State v. Brown*, 10th Dist. No. 12AP-292, 2012-Ohio-5903, ¶ 19. The inquiry into causation involves a sliding scale. Deliberately dilatory tactics must be weighed much more heavily against the state than periods of delay resulting from mere negligence. *McClain* at ¶ 15, citing *Barker* at 531. "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* To the extent that valid reasons cause the delay, such as missing witnesses, the delay does not count against the state at all. *Id.* Delay that is caused by the defendant does not count against the state. *Id.*, citing *Triplett* at 570.

{¶ 13} The record contains no evidence of the steps the state took, if any, to serve the warrant on appellant. At the hearing, the prosecutor argued that the delay was "not deliberate," implying that the state could not or had difficulty finding appellant by

pointing to appellant's motion to dismiss which stated that appellant "did not always live at that address that he had provided long ago." (Tr. at 4.) Indeed, appellant did not argue that the state acted deliberately in not serving the arrest warrant in a more timely fashion. Thus, it appears that the state did not act deliberately but, rather, negligently in failing to timely arrest appellant. This factor weighs in appellant's favor.

### 3. Appellant's Assertion of His Rights

{¶ 14} The third factor concerns whether appellant asserted his right to a speedy trial in due course. Appellant did file a motion to dismiss the charges based on his speedy trial rights; however, he did so six months after his arrest. This factor weighs slightly in the state's favor. *State v. Walker*, 10th Dist. No. 06AP-810, 2007-Ohio-4666, ¶ 31 (defendant's "two-month delay must be weighted, at least to some extent, against defendant's claim of a serious deprivation of his right to a speedy trial"); *State v. Scott*, 10th Dist. No. 09AP-611, 2009-Ohio-6785, ¶ 27 (delay of three months from arrest and six months after indictment); *State v. Rice*, 1st Dist. No. C-150191, 2015-Ohio-5481, ¶ 27 (four-month delay weighed slightly in favor of the state); *McClain* at ¶ 17 (three-month delay).

### 4. Prejudice to Appellant

{¶ 15} The final factor is prejudice. In assessing prejudice in this context, we consider the specific interests the right to a speedy trial was designed to protect: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence. *Doggett* at 654; *Walker* at ¶ 32; *Brown* at ¶ 21. Appellant does not identify any specific prejudice resulting from the delay, and, upon review of the record, we find none. Appellant did not spend any time in jail while the felony indictment was pending, and it appears that he did not even know about the pending charges until his arrest. *McClain* at ¶ 19. Additionally, as noted by the prosecutor at the hearing, the case against appellant was largely based on preserved records such as payment history and tax forms, which would not be impacted by a delay, and appellant does not point out how the delay would have impaired his defense. This factor weighs in favor of the state.

### D. Conclusion

{¶ 16} After this court's independent review of the *Barker* factors, we conclude that the delay in this case did not violate appellant's constitutional right to a speedy trial. *Brown* at ¶ 22. Accordingly, the trial court did not err by denying appellant's motion to dismiss and we overrule appellant's assignment of error.

## III.  Conclusion

{¶ 17} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

————————————