**[Cite as *State v. Diallo*, 2025-Ohio-5812.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 23AP-496 <br> (C.P.C. No. 21CR-4188) |
| Mamadou Aliou Diallo, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 30, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Steven P. Billing*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Mamadou Aliou Diallo, was convicted, following a jury trial, of two counts of murder and one count each of aggravated arson, tampering with evidence, and abuse of a corpse. The trial court sentenced appellant to an aggregate prison term a minimum 27 years to life and a potential maximum term of 31 years to life. On direct appeal, this court affirmed appellant's convictions. *State v. Diallo*, 2025-Ohio-920 (10th Dist.) ("*Diallo I*").

{¶ 2} On September 30, 2025, this court granted appellant's application for reopening of his appeal for the limited purpose of allowing review of appellant's claim that he received ineffective assistance of appellate counsel for failing to assert an assignment of error alleging infringement of his constitutional right to a speedy trial. *State v. Diallo*, No. 23AP-496 (10th Dist. Sept. 30, 2025) (memorandum decision) ("*Diallo II*"). The

matter is now before us on reopening. For the following reasons, we confirm our prior judgment affirming the convictions.

## I. Facts and Procedural History

{¶ 3} The evidence and testimony presented at appellant's jury trial are set forth in *Diallo I*. In brief, in the afternoon of September 30, 2021, appellant called 911 to report a fire at his home. He told the operator he had gotten his children out of the house. When firefighters entered the home, they found a deceased person who was later identified as appellant's wife. Her body was found lying on the floor, with a USB-type electronics cable tied around her neck and severe burns to the upper portion of her body. A partially burned bottle of charcoal lighter fluid was found underneath the body. The cause of death was determined to be ligature strangulation and thermal burns.

{¶ 4} Relevant to the argument appellant advances in his reopened appeal, appellant was arrested in connection with the underlying charges on September 30, 2021, and remained in jail prior to trial. The case proceeded to a jury trial on July 12, 2023.

## II. Assignments of Error

{¶ 5} In his reopened appeal, appellant assigns the following two assignments of error for our review:

> [I.] Appellant's Speedy Trial Rights were violated contrary to U.S. Supreme Court factors in Barker v. Wingo, and the 6th and 14th Amendment of the U.S. Constitution[.]
>
> [II.] Ineffective Assistance of Appellate Counsel for Failure to raise a Speedy Trial Violation contrary to the 6th & 14th Amendment of the United States Constitution on Appellants First Direct Appeal[.]

## III. Analysis

{¶ 6} Once an appeal has been reopened, the appellant must establish " 'the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel.' " *Diallo II* at ¶ 7, quoting *State v. Leyh*, 2022-Ohio-292, ¶ 25. The Supreme Court of Ohio recently clarified that appellant's brief submitted in the reopened appeal must address the claim that appellate counsel provided ineffective assistance. *State v. Clark*, 2025-Ohio-4410, ¶ 24. That requirement is met here.

{¶ 7}  Regarding the merits of the direct appeal, appellant argues in his first assignment of error that his speedy trial rights under the United States Constitution were violated.

{¶ 8}  In *Diallo II*, this court concluded that, "[b]ased on the circumstances in this case, where almost two years passed between the indictment and trial and where Diallo appears to have at least attempted to raise the speedy trial issue before the trial court, we conclude he has established 'legitimate grounds' to support a claim that he was deprived of effective assistance of counsel on appeal when his appellate counsel failed to pursue a speedy trial argument." *Diallo II* at ¶ 11.  But "the determination that a *genuine issue* of ineffective assistance of appellate counsel exists is not a determination of ineffective assistance of appellate counsel." (Emphasis in original.) *Leyh* at ¶ 37; *see also Diallo II* at ¶ 12.  Therefore, we must take a closer look at the merits of his speedy trial assertion.

{¶ 9}  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const., amend. VI.  In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court set forth a balancing test to determine whether trial delays are constitutionally reasonable under the Sixth Amendment.  The following factors are to be considered: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* at 530.  The first factor has been described as a "triggering mechanism" to some extent.  *Id.*  "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.*  "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id*. at 530-31.  Generally speaking, a delay approaching one year is presumptively prejudicial. *State v. Smith*, 2021-Ohio-1936, ¶ 38 (10th Dist.), citing *State v. Keaton*, 2017-Ohio-7036, ¶ 9 (10th Dist.).

{¶ 10}  In reviewing the first *Barker* factor, we note that the length of delay between appellant's arrest on September 30, 2021, and his trial on July 12, 2023, encompassed 650 days, or approximately one year and nine and one-half months.  Thus, we find this delay is presumptively prejudicial, s*ee id.*, and we consider the remaining *Barker* factors.

{¶ 11}  The second *Barker* factor is the reason for the delay.  *Barker* at 531.  *Barker* instructs that different weight should be assigned different reasons for delay with

consideration that a valid reason, like a missing witness, might justify appropriate delay, while deliberate attempts to hamper the defense should be weighed heavily against the state but a neutral reason like overcrowded courts be weighed less heavily but still considered. *Id.*

{¶ 12} When considering the reasons for the delay here, we note that the period between November 22, 2021, and July 12, 2023, which totals all but approximately 2 months of the total delay between appellant's arrest and trial, was subject to 12 continuance entries made "[u]pon motion of the parties," and which include the following statement: "Defendant waives the right to a speedy trial for the period of this continuance as to the pending charge or charges."

{¶ 13} These 12 joint continuances largely appear to be made for the purposes of investigation and review of discovery. For example, appellant obtained new defense counsel on May 11, 2022, and the continuance entry covering the period from May 11 to June 1, 2022, states that the reason for the requested continuance by the parties was "Further negotiations/investigation/new counsel." (May 11, 2022 Entry of Continuance.) The other entries contained similar statements, requesting continuances for further negotiation, investigation, or discovery.

{¶ 14} The record indicates that discovery was indeed ongoing during these continuances. For example, on January 20, 2023, defense counsel filed a notice of self-defense pursuant to Crim.R. 12.2,[1] which included a motion to compel the state to produce additional discovery relevant to the defense and a motion in limine to prohibit mention to the jury of the decision whether to pursue self-defense. What follows in the record are several supplemental discovery responses produced by the state, including responses described as evidence favorable to the defendant. The last of the state's supplemental responses to discovery appears to have been filed on March 3, 2023, four months before trial commenced.

{¶ 15} The final continuance requested by the parties, entered on February 24, 2023, and setting trial for July 11, 2023, stated that the reason was to set the case for contested trial. At a hearing held on March 23, 2023, the trial court explained, "The case is

---

[1] Crim.R. 12.2 provides that a defendant shall give notice in writing not less than 30 days before trial in a felony case of his or her intent to propose to offer evidence of or argue self-defense at a criminal trial.

set for the date that it's currently set for because, in part, because of my schedule and then trying to get schedules that work for the two attorneys that are very busy as well. So that was the first available date for us to get this matter set in." (Mar. 23, 2023 Tr. Vol. 2 at 9.)

{¶ 16} Considering the foregoing reasons for the delay, we find that appellant shares responsibility for the delay and we do not find deliberate delay or particular neglect attributable to the state here. *See Barker*, 407 U.S. at 531.

{¶ 17} The third *Barker* factor the court must consider is the defendant's assertion of his or her speedy trial right. The Supreme Court noted in *Barker* that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532.

{¶ 18} We note again that the joint continuance entries here contained language expressly waiving appellant's speedy trial rights for the continuance period. The first five continuance entries contain appellant's signature as well as the signatures of the assistant prosecuting attorney and defense counsel. The next seven entries were signed by counsel for the parties, but did not contain appellant's signature. Three of these seven entries without appellant's signature contained the word "refused" on the signature line.

{¶ 19} Notwithstanding the waiver language in the continuances, appellant and the state agree that appellant orally raised his speedy trial concerns at trial court hearings on October 31, 2022,[2] and March 23, 2023.[3] Appellant notes in his brief that, after he raised his speedy trial concerns at the October 31 hearing, "it was decided by the court *and agreed to by both parties* that the trial date would be January 9, 2023." (Emphasis added.)

---

[2] At the hearing held on October 31, 2022, appellant, through an interpreter, raised concerns regarding his speedy trial rights. The trial court explained to appellant that different events toll the speedy trial time calculation and stated, "there are not any speedy trial issues with your case." (Oct. 31, 2022 Tr. Vol. 1 at 10, 11.) Defense counsel also explained at the hearing that he had discussed the speedy trial topic with appellant during a visit, including "every waiver," and that he "thought and believed at that point that we had put that issue to rest." (Oct. 31, 2022 Tr. Vol. 1 at 14.) After a discussion about the accessibility of some video evidence that appellant believed should have been available, defense counsel stated he thought the court should set a trial date. The court scheduled a trial date of January 9, 2023.

[3] At the hearing held on March 23, 2023, appellant again raised a concern regarding his speedy trial rights. The trial court stated, "So I will note for the record that you have provided an objection indicating that your matter has not moved forward based upon speedy trial, but the Court will at least acknowledge on the record at this point in time that that's denied." (Mar. 23, 2023 Tr. Vol. 2 at 8.) After explaining that the trial date was based on needing to align the court's schedule with the attorneys' availability, the trial court reiterated, "So, again, I understand what you're saying, but speedy trial has not been violated." (Mar. 23, 2023 Tr. Vol. 2 at 9.)

(Appellant's Brief at 11.)  Appellant argues, however, that, because trial did not proceed on January 9, 2023, the approximate six months between then and the actual trial date should be weighed against the state.  In his reply brief, appellant argues that his statements at the October 31 and March 23 hearings should also be viewed as objections to further continuances and evidence that the speedy trial waivers in additional continuances were not knowing or voluntary.

{¶ 20} An accused may waive his constitutional right to a speedy trial provided that such a waiver is made knowingly and voluntarily.  *State v. King*, 70 Ohio St.3d 158, 160 (1994), citing *Barker* at 529.  However, it has been recognized that defendant's counsel may waive a defendant's speedy trial right with or without defendant's consent.[4]  *King* at 160, citing *State v. McBreen*, 54 Ohio St.2d 315 (1978), at syllabus; *see also State v. Glass*, 2011-Ohio-6287, ¶ 17 (10th Dist.) ("[A] defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections.").

{¶ 21} Despite appellant's contention that he asserted his speedy trial concerns at the hearings, and despite the omission of his signature on the joint continuances after the hearings, it remains significant that the trial delay in this case was attributable to continuances that were requested by the parties, signed by defense counsel, and included an express speedy trial waiver.  Additionally, the time between the trial date scheduled for January 2023 and the date when trial commenced in July 2023—the specific period of time appellant contends should weigh against the state—is a reasonable period in light of ongoing discovery by both parties and the absence of any evidence of deliberate delay.  As noted above, continuances entered after the October 31, 2022, and March 23, 2023, hearings covered time during which even appellant's trial counsel requested additional discovery from the state relevant to appellant's claim of self-defense.  *See supra* at ¶ 13.  At the March 23 hearing, at which time the July 2023 trial date had already been set,

---

[4] The Supreme Court of Ohio has determined that the constitutional speedy trial provisions, which appellant has raised here, are coextensive with the statutory speedy trial provisions in R.C. 2945.71 and, as such, "an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions." *King* at 160, citing *State v. O'Brien*, 24 Ohio St.3d 7 (1987).

appellant's counsel stated that he believed discovery was completed at the end of February or early March 2023.

{¶ 22} Based on the foregoing, even if we were to weigh appellant's oral assertion of his speedy trial rights in his favor, we find on the facts of this case that this factor does not weigh heavily in appellant's favor because joint continuances signed by appellant's trial counsel were subsequently entered, additional discovery relevant to appellant's intent to raise a self-defense claim was requested, and the ensuing time to trial was not unreasonable. *See, e.g., State v. Watson*, 2013-Ohio-5603, ¶ 29 (10th Dist.) (finding that defendant's filing of motion to dismiss based on speedy trial violations did not weigh heavily in his favor because the defendant individually or jointly requested four additional continuances).

{¶ 23} The fourth *Barker* factor is prejudice to the defendant. *Barker*, 407 U.S. at 532. *Barker* instructs that prejudice should be assessed in the light of the following interests of a defendant which the speedy trial right was designed to protect: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* at 532. The Supreme Court identified the "most serious" of these interests as the possibility that the defense would be impaired "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* The Supreme Court also noted the serious disadvantages and detrimental impact that pre-trial incarceration has on a defendant. *Id.* at 532-33.

{¶ 24} Here, appellant's pre-trial incarceration is substantial. However, even if we were to weigh this consideration in appellant's favor given the first two interests noted above, we note that the third and most serious interest—the possibility that the defense would be impaired—is not implicated here and, therefore, we do not find this factor weighs heavily in appellant's favor. There is no evidence that the preparation of appellant's defense was impaired by the delay.[5] In fact, the parties' joint continuances indicate that discovery and negotiations were ongoing up to four months before trial commenced.

---

[5] Appellant argues in his brief that his pre-trial incarceration prevented him from accessing his cell phone and an associated storage card that he believed should have contained video footage from Blink cameras installed outside his house that would be relevant to his defense. However, appellant's trial counsel addressed this issue at the October 31, 2022, hearing as follows:

{¶ 25} After consideration of the *Barker* factors, we conclude that, under the particular facts of this case, appellant was not deprived of his right to a speedy trial as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution. Because appellant has failed to establish that the state violated his constitutional speedy trial rights, we overrule the first assignment of error in this reopened appeal.

{¶ 26} In his second assignment of error, appellant asserts that his prior appellate counsel was ineffective during his direct appeal for not presenting an assignment of error to assert that the trial court violated his speedy trial rights. Appellate counsel has wide latitude in determining which issues and arguments will be most effective on appeal and is not required to argue meritless assignments of error. *State v. Williams*, 2023-Ohio-1002, ¶ 36 (10th Dist.), citing *State v. Lee*, 2007-Ohio-1594, ¶ 3 (10th Dist.). As explained above, we conclude that appellant's speedy trial rights were not violated. Therefore, appellant's prior appellate counsel was not ineffective in failing to assert a meritless claim. *Id.* (concluding appellate counsel was not ineffective in failing to raise a meritless claim).

{¶ 27} Because appellant has failed to establish that his prior appellate counsel was ineffective in failing to present an assignment of error on direct appeal asserting a claim that his speedy trial rights were violated, we overrule appellant's second assignment of error.

---

[O]ne of the issues that [appellant] had brought up is that there appears to have been cameras outside of his home which he had installed -- these were called Blink cameras, and that there were -- he wanted me to get his phone and download whatever videos there are so he can see who's coming in, going out.

I brought this to the attention of the prosecution who reached back to the detective who said those did not record. They were not linked up at that time. There's no video. In fact, we do have the phone dump and [appellant] and I have gone through that and we cannot see that there is any videos from that. So it is my understanding from the State that there are no videos available for us to somehow access.

But, and I've explained this to him face to face and with the interpreter and it was my belief, and it still is, that he understood exactly what the state of that evidence was.

(Oct. 31, 2022 Tr. Vol. 1 at 14-15.) Defense counsel then stated he believed setting a trial date was appropriate.

## IV. Conclusion

{¶ 28} For the foregoing reasons, we overrule appellant's two assignments of error and, pursuant to App.R. 26(B)(9), confirm our prior judgment in *Diallo I*, 2025-Ohio-920 (10th Dist.), affirming the judgment of the Franklin County Court of Common Pleas.

*Judgment confirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

———————————