[Cite as *State v. Brown*, 2026-Ohio-1622.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-699 |
| v. | : | (C.P.C. No. 22CR-1758) |
| Charles E. Brown, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 5, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Charles E. Brown*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Charles E. Brown, appeals pro se from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding him guilty of one count of having weapons while under disability and a firearm specification. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On April 22, 2022, the Franklin County Grand Jury indicted Brown on one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13, and a firearm specification. The indictment alleged that on or about April 14, 2022, Brown knowingly acquired, had, carried, or used a firearm or dangerous ordinance having previously been convicted of a felony offense of violence, and the specification alleged that Brown had a firearm on or about his person or under his control while

committing the offense.  A jury trial on the charge commenced on September 16, 2024.  At trial, the state presented evidence that Bexley police officers responded to a 911 call reporting a possible drug overdose at Brown's residence.  Brown showed the officers drug paraphernalia and suspected narcotics; he also showed the officers a knife and claimed that the individual who overdosed had stabbed him.  The officers requested permission to search Brown's residence and he agreed.  During the search the officers found two firearms.  Brown testified on his own behalf, asserting that he inadvertently acquired a firearm in a box of belongings retrieved from the home of his deceased mother.  Brown admitted he knew he was not permitted to have a firearm but claimed he did not know what to do with it without getting into trouble.  The parties stipulated that Brown had a prior conviction for a felony offense of violence.

{¶ 3}   The jury found Brown guilty of one count of having weapons while under disability, as charged in the indictment, and the associated firearm specification.  The trial court found that a prison term was mandatory pursuant to R.C. 2929.13(F).  The court imposed a sentence of 36 months of incarceration on the having weapons while under disability conviction, to be served consecutively to 12 months of incarceration on the firearm specification.  The court found that Brown was entitled to 917 days of jail-time credit.

## II.  Assignments of Error

{¶ 4}   Brown appeals and assigns the following two assignments of error for our review:

> [I.] Plaintiff, nor the Trial Court rebuttal the jurisdiction substantial defect of the April 14th, 2022 initial charging Criminal Complaint under Case No.: 2022 CRA 5237 was not incompliance pursuant to: Ohio Criminal Rule 3(A) mandatory word "shall";
>
> [II.] The first presided Judge, Julie M. Lynch been orchestrating tactics within the enforcement of hybrid-representation upon him for a prolonged period, therein; unconstitutionally denied this Defendant constitutional and statutory right to a speedy trial as guaranteed by Sixth and Fourteenth Amendments to the United States Constitution; Article I, Section 10 of the Ohio Constitution, and Ohio Revised Code Sections 2945.02, 2945.71(C)(2) and

> 2945.73(B). By the court created structural error which blatantly violated Defendant's speedy trial rights,

(Sic passim.)

## III. Discussion

### A. Whether Brown's conviction was invalid due to a deficiency in the charging complaint

{¶ 5}   In his first assignment of error, Brown appears to argue that the trial court lacked subject-matter jurisdiction because the charging document failed to comply with Crim.R. 3(A).  Brown claims that a complaint filed in Franklin County Municipal Court case No. 2022 CRA 5237 was not made under oath and therefore was insufficient to invoke the subject-matter jurisdiction of the trial court.

{¶ 6}   Crim.R. 3(A) provides that "[t]he complaint is a written statement of the essential facts constituting the offense charged."  It further provides that the complaint "shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3(A).

{¶ 7}   The complaint filed in Franklin County Municipal Court case No. 2022 CRA 5237 is not part of the record before this court.  However, the Supreme Court of Ohio has stated that an online municipal court docket may be appropriate for judicial notice.  *State ex rel. Curtis v. Turner*, 2024-Ohio-2682, ¶ 12.  Accordingly, we note that Franklin County Municipal Court case No. 2022 CRA 5237 was captioned State of Ohio versus Charles E. Brown and a complaint charging Brown with having weapons while under disability was filed in that case on April 14, 2022.  *See Jackson v. Conroy Rental*, 2024-Ohio-4467, ¶ 2 (10th Dist.) (taking judicial notice of agreed judgment entry in Franklin County Municipal Court case).  Further, the online docket for that case indicates that the complaint was dismissed on April 22, 2022, due to a direct indictment.  Brown was indicted by the Franklin County Grand Jury on April 22, 2022 in the present case.

{¶ 8}   Brown was convicted and sentenced on the charges in the indictment in the Franklin County Court of Common Pleas case giving rise to this appeal, not on the complaint in Franklin County Municipal Court case No. 2022 CRA 5237.  Therefore, even if Brown is correct that the complaint in Franklin County Municipal Court case No. 2022 CRA 5237 was deficient, such deficiency was irrelevant to the proceedings in the Franklin County Court of Common Pleas, which were based on the grand jury indictment.  *See State*

*v. Rogers*, 2018-Ohio-1073, ¶ 13 (10th Dist.) ("[E]ven if there were defects in the complaint filed in the municipal court, such defects would be irrelevant and harmless because the conviction is based on the grand jury indictment. Thus, the issuance of a grand jury indictment renders any defect in the complaint or warrant moot." (Citations omitted.)); *State v. Monroe*, 2009-Ohio-2343, ¶ 6 (10th Dist.) ("Whatever the complaint charged, defendant was not convicted or sentenced on it; he was convicted and sentenced on the indictment. Thus, any flaw in the complaint's failing to mimic the indictment is harmless."); *see also State v. McRae*, 2022-Ohio-2918, ¶ 17 (3d Dist.) ("[I]n light of the indictment, any alleged defects in the complaint would be irrelevant and harmless to McRae's conviction and would not divest the trial court of subject-matter jurisdiction."); *State v. Phillips*, 2014-Ohio-5309, ¶ 17 (7th Dist.) (holding that "a grand jury's indictment cures any defect in the failure to file a criminal complaint pursuant to Criminal Rule 3"); *State v. Turner*, 2011-Ohio-4348, ¶ 21 (3d Dist.) ("Where the accused is initially charged via a complaint, but is subsequently indicted by the grand jury, the accused is tried upon the indictment not the complaint. Consequently, any alleged defects with the June 4, 2009 complaint are irrelevant and harmless to Turner's convictions, as he was tried and convicted on the indictment." (Citations omitted.)).

{¶ 9} Accordingly, we overrule Brown's first assignment of error.

**B. Whether Brown's right to a speedy trial was violated**

{¶ 10} In his second assignment of error, Brown argues the trial court violated his right to a speedy trial. Brown appears to argue that the trial court first erred by failing to set an initial trial date within 30 days after he entered a not-guilty plea, as required by R.C. 2945.02. Brown seems to assert that all subsequent continuances of his trial date were invalid due to the alleged failure to comply with R.C. 2945.02. Brown ultimately argues that his statutory and constitutional rights to a speedy trial were violated.

{¶ 11} Brown raised these arguments in pro se motions to dismiss filed in the trial court. The trial court denied Brown's motions in a decision issued on July 12, 2024. The trial court concluded Brown had established a prima facie showing that his statutory right to a speedy trial had been violated because 803 days had passed between his arrest and the court's hearing on the motions on June 25, 2024. The court then analyzed the continuances that had been granted and other events that tolled the speedy-trial calculation and found

that, at most, 142 days were not attributable to continuances or other tolling events.[1] Therefore, the court concluded that Brown's statutory right to a speedy trial had not been violated. The trial court also applied the balancing test that governs constitutional speedy-trial claims and concluded that Brown's constitutional right to a speedy trial had not been violated.

{¶ 12} The right to a speedy trial in a criminal case is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 10 of the Ohio Constitution. *State v. Williams*, 2023-Ohio-1002, ¶ 11 (10th Dist.). Ohio law also provides a statutory right to a speedy trial pursuant to statutes implemented to incorporate constitutional protections. *Id.* A trial court's decision on a motion to dismiss based on a speedy-trial violation presents a mixed question of law and fact. *Id.* at ¶ 12. On review, we give deference to the trial court's factual findings if they are supported by competent, credible evidence, but we independently review whether the trial court appropriately applied the law to those facts.

### 1. Whether continuances of Brown's trial date were invalid due to failure to comply with initial scheduling requirement

{¶ 13} Brown appears to argue that the trial court failed to comply with R.C. 2945.02 by setting his trial within 30 days after he entered his not-guilty plea, and that the trial court's failure to do so rendered any subsequent continuances invalid.

{¶ 14} R.C. 2945.02 provides that the common pleas court "shall set all criminal cases for trial for a day not later than thirty days after the date of entry of plea of the defendant." The statute further provides that "[n]o continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." In this case, Brown entered his not-guilty plea on April 27, 2022. The record indicates the first trial date was set for June 1, 2022. Although that was more than 30 days after the plea was entered, the statute provides that failure to set a criminal case for trial within 30 days "does not operate as an acquittal." R.C. 2945.02. Rather, upon notice of the failure to timely schedule the case for trial, the case "shall forthwith be set for trial within a reasonable time, not exceeding thirty days thereafter." R.C. 2945.02.

---

[1] The trial court calculated that 30 days of speedy-trial time had passed; alternatively, the trial court asserted that if Brown's first motion to dismiss was not deemed a tolling event, an additional 112 days of speedy-trial time would have passed, for a total of 142 days of speedy-trial time.

Accordingly, any failure to set an initial trial date within 30 days of the not-guilty plea was not a basis for dismissal.

### 2. Whether Brown's statutory right to a speedy trial was violated

{¶ 15} Under R.C. 2945.71(C)(2), a person charged with a felony shall be brought to trial within 270 days of being arrested, except as provided in R.C. 2945.73(C).[2] A defendant establishes a prima facie violation of his statutory right to a speedy trial by demonstrating that more than 270 days elapsed without him being brought to trial.[3] *Williams*, 2023-Ohio-1002, at ¶ 14 (10th Dist.). Once a defendant establishes a prima facie case, the state bears the burden of proving that the speedy-trial time was extended through waiver or tolling. *Id.* at ¶ 14-16. If a defendant waives his speedy-trial rights, the days included in the waiver period do not count toward the speedy-trial deadline. *Id.* at ¶ 16. The speedy-trial deadline is tolled by operation of law under certain circumstances that are set forth in R.C. 2945.72. As relevant to this appeal, the statute provides that the speedy-trial time may be extended by "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law." R.C. 2945.72(C). Speedy-trial time may also be extended by "[a]ny period of delay occasioned by the neglect or improper act of the accused" or "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(D) and (E). It may also be extended by "[t]he period of any continuance granted on the accused's own

---

[2] We note that amendments to R.C. 2945.71 through 2945.73 became effective during the period between Brown's arrest and the beginning of his trial. 2021 Am.Sub.S.B. No. 288; 2021 Sub.H.B. No. 343. The substance of those legislative amendments is not directly relevant to our analysis of Brown's speedy-trial claim; therefore, we need not address the question of which version of the statutes applies to Brown's claim.

[3] When determining the 270-day period within which a defendant must be brought to trial on a felony charge, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). In this case, the trial court issued a $5,000 reporting and recognizance bond and a $3,500 surety or appearance bond, but Brown did not post bond and remained in jail until his trial began. The triple-count provision under R.C. 2945.71(E) "is applicable only to those defendants held in jail in lieu of bail *solely* on the pending charge." (Emphasis added.) *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus. The trial court concluded Brown was not entitled to triple-counting pursuant to R.C. 2945.71(E) because he was also being held on a parole matter. Brown does not appear to dispute the trial court's conclusion on appeal. Brown appeared to acknowledge the existence of a parole holder on him at a hearing conducted on October 16, 2023. "The existence of a valid parole holder prevents application of the triple-count provisions of R.C. 2945.71(E)." *State v. Brown*, 1992-Ohio-96, ¶ 12. *See State v. Olverson*, 2003-Ohio-1274, ¶ 31 (10th Dist.) ("[T]he Ohio Supreme Court has held that the triple-count provision of R.C. 2945.71(E) is applicable only to those defendants held in jail in lieu of bail solely on the pending charges, and that the existence of a valid parole holder prevents application of that statutory provision.").

motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). "Presented with a statutory speedy trial challenge, the appellate court is tasked with counting the number of days that have passed while determining to which party the time is chargeable as directed in R.C. 2945.71 and 2945.72." *State v. Childs*, 2024-Ohio-4699, ¶ 26 (10th Dist.).

{¶ 16} Brown was arrested on April 14, 2022. For purposes of calculating speedy-trial time, we do not include the date of arrest. *See Williams* at ¶ 18. Accordingly, our calculation of Brown's speedy-trial time begins on April 15, 2022; Brown's trial commenced 886 days later, on September 16, 2024. Because more than 270 days passed, Brown has demonstrated a prima facie violation of his statutory right to a speedy trial. After finding a prima facie violation, the trial court concluded that several tolling events and waivers reduced the number of speedy-trial days to fewer than 270.

{¶ 17} From April 15 to May 13, 2022, 29 days passed that are attributable to Brown's speedy-trial time. On May 13, 2022, Brown moved for discovery from the state. A defendant's discovery request tolls speedy-trial time for a reasonable amount of time necessary for the state to respond to the request. *Id.* at ¶ 19. In *Williams*, this court held that 21 days was a reasonable amount of time for the state to respond to discovery and did not include those days in the speedy-trial calculation. *Id.* It is unclear from the record in this case when the state responded to Brown's first discovery request, but on June 1, 2022, only 20 days after the discovery request was filed, the trial court granted a continuance from June 1 to June 29, 2022, at the request of both parties to complete discovery. Therefore, we conclude that the 20 days following Brown's discovery request and the time covered by the first continuance request did not count toward Brown's speedy-trial time.

{¶ 18} On June 29, 2022, the trial court granted another continuance at the request of both parties, lasting until July 27, 2022, to complete discovery and for negotiation. The trial court granted a continuance on July 27, 2022, lasting until August 31, 2022, at the request of both parties for continued negotiations. During the period of that continuance, Brown filed a pro se motion to dismiss his appointed counsel. On August 31, 2022, the trial court continued the case until December 12, 2022, without noting a specific reason or requesting party. Therefore, Brown's speedy-trial calculation started again on August 31, 2022. However, Brown filed a pro se motion to dismiss the indictment on September 1,

2022. As explained above, speedy-trial time is tolled for any period of delay necessitated by a motion made by the defendant. R.C. 2945.72(E). Thus, 1 additional day was attributable to Brown's speedy-trial time, between the August 31, 2022 continuance and the filing of his September 1, 2022 motion. That brought the accrued speedy-trial time to 30 days.

{¶ 19} On December 12, 2022, the trial court granted a continuance at Brown's request until April 17, 2023, for him to obtain new counsel. The trial court granted another continuance on March 9, 2023, extending the scheduled trial date from April 17 to May 2, 2023, at the request of both parties for continued discovery and due to the unavailability of the prosecutor. On March 21, 2023, Brown filed pro se motions to suppress and invoking his right to self-representation. On April 11, 2023, the trial court issued a continuance on its own motion, rescheduling the trial date from May 2 to May 10, 2023, because of the trial court's availability. Because the continuance was on the trial court's motion, those 9 days count toward Brown's speedy-trial calculation, bringing the total to 39 days.

{¶ 20} On May 10, 2023, the trial court granted a continuance at Brown's request, extending the trial date to July 11, 2023, because his new counsel needed time to review the case. The court granted a continuance at the request of both parties on July 11, 2023, extending the trial date to August 3, 2023, for further negotiations. On August 3, 2023, the court granted another continuance at the request of both parties, extending the trial date to October 16, 2023. The trial court granted another continuance at the request of both parties for further negotiations, extending the trial date to November 20, 2023. That entry contained a notation indicating Brown refused to sign, but it was signed by his counsel. On appeal, Brown appears to argue he did not consent to this and other continuances where he refused to sign the entries, but it is well-established that a defendant's counsel may validly waive a defendant's speedy-trial rights without his consent. *State v. Stanford*, 2024-Ohio-1451, ¶ 41-42 (10th Dist.). *See Williams*, 2023-Ohio-1002, at ¶ 24 (10th Dist.) ("A defendant is bound by his counsel's actions in waiving speedy-trial rights by seeking or agreeing to a continuance, even over the defendant's objections."). The trial court entered another continuance at the request of both parties on November 20, 2023, extending the trial date to January 30, 2024, with the entry indicating that Brown refused to be transported from jail. Brown filed pro se motions to dismiss and invoking his right to self-representation on

January 10, 2024.  The trial court granted another continuance on motion of both parties on January 30, 2024, extending the trial date to March 20, 2024, for appointment of new counsel for Brown.  Brown's counsel filed an additional demand for discovery on February 6, 2024.  The trial court granted a continuance extending the trial date to March 21, 2024, at the request of both parties for further negotiations.  The trial court then issued another continuance on March 21, 2024, at the request of both parties for rulings on pending motions, extending the trial date to May 20, 2024.  On May 20, 2024, the trial court issued a continuance at Brown's request for time to respond to the state's filings, extending the trial date to June 10, 2024. The trial court subsequently entered a continuance at the request of both parties extending the trial date to July 29, 2024, because the parties were awaiting decisions on pending motions.  On July 18, 2024, the trial court issued an entry striking the July 29, 2024 date and scheduling trial for September 16, 2024. The entry explained it was the first date available for the court and all the parties.

{¶ 21} Thus, based on continuances granted at the request of both parties or by Brown, none of the time between May 10, 2023 and July 18, 2024 counted toward Brown's speedy-trial calculation.  Brown's speedy-trial time resumed on July 18, 2024 and continued running until September 16, 2024, with an additional 61 days accruing during that period.  When added to the 39 days that accrued between April 15, 2022 and May 10, 2023, a total of 100 days of speedy-trial time accrued between Brown's arrest on April 14, 2022 and the first day of his trial on September 16, 2024.  Therefore, because fewer than 270 days of speedy-trial time accrued, we reject Brown's argument that his statutory right to a speedy trial was violated.

### 3.  Whether Brown's constitutional right to a speedy trial was violated

{¶ 22} We also consider whether Brown's constitutional right to a speedy trial was violated because even when statutory deadlines are complied with, the constitutional right to a speedy trial may be broader than statutory provisions in some circumstances. *Williams* at ¶ 32.  We apply a two-step inquiry when analyzing a constitutional speedy-trial claim. First, we consider whether the defendant has demonstrated that the delay was presumptively prejudicial. *Id.*  Second, if there was a presumptively prejudicial delay, we apply a four-factor balancing test that examines (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's timely assertion of his speedy-trial right, and (4) the

resulting prejudice to the defendant from the delay. *Id. See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (setting forth the four-factor balancing test for deprivation of the constitutional right to a speedy trial).

{¶ 23} "Generally, delay is presumptively prejudicial as it approaches one year." *State v. Smith*, 2021-Ohio-1936, ¶ 38 (10th Dist.). In this case, nearly two and a half years passed between Brown's arrest and the first day of his trial. This court and others have found a two-year delay to be presumptively prejudicial. *See, e.g., State v. Blacker*, 2024-Ohio-5611, ¶ 67 (10th Dist.); *State v. Forrest*, 2021-Ohio-122, ¶ 14 (8th Dist.); *State v. Dennison*, 2013-Ohio-5535, ¶ 34 (10th Dist.); *State v. Gatewood*, 2012-Ohio-202, ¶ 27 (2d Dist.). Accordingly, we will consider the balance of the four *Barker* factors in this case.

{¶ 24} With respect to the length of the delay in commencing trial, the United States Supreme Court has noted that the particular circumstances of a case must be considered in evaluating the length of a delay, asserting that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker* at 531. This court has noted that, under certain circumstances, extended delays in bringing a defendant to trial may not be unconstitutional. *See Dennison* at ¶ 35. In this case, Brown was charged with having weapons while under disability and the facts surrounding the charge were not particularly complex. Thus, the extended delay of more than two years in bringing Brown to trial weighs in favor of finding a constitutional violation.

{¶ 25} "The reason-for-delay factor 'is concerned with whether the government or the defendant is more to blame for the delay.'" *Dennison* at ¶ 36, quoting *State v. Quinnie*, 2013-Ohio-1208, ¶ 14 (10th Dist.). The *Barker* decision explained that different weight should be assessed to different types of delay. For example, a deliberate attempt to delay a trial to hamper the defense should weigh heavily against the state, while a neutral reason such as overcrowded courts should weigh less heavily but still be considered the responsibility of the state. *Barker*, 407 U.S. at 531. As explained above, most of the continuances granted by the trial court in this case were jointly requested by the parties, for reasons such as negotiations, responding to motions, or fulfilling Brown's requests for new counsel. Brown now seems to argue that he did not consent to waiving his speedy-trial rights through some of those continuances, but he was bound by the actions of his counsel.

Additionally, Brown filed numerous pro se motions and sought changes in counsel that necessitated delays in bringing him to trial. Much of the delay in commencing Brown's trial was attributable to his own conduct or that of his counsel. Therefore, the reason-for-delay factor weighs strongly against finding a constitutional violation. *See Dennison* at ¶ 38; *Quinnie* at ¶ 14. *See also State v. Diallo*, 2025-Ohio-5812, ¶ 16 (10th Dist.) ("[W]e find that appellant shares responsibility for the delay and we do not find deliberate delay or particular neglect attributable to the state here.").

{¶ 26} The third factor involves Brown's assertion of his right to a speedy trial. Brown filed a pro se motion to dismiss his appointed counsel on August 22, 2022; in his memorandum in support of that motion, Brown alleged that his right to a speedy trial was being infringed. Brown also filed a pro se motion to dismiss the indictment on September 1, 2022, directly asserting that his right to a speedy trial was being infringed. Brown filed a second pro se motion to dismiss on January 10, 2024, arguing that his constitutional and statutory rights to a speedy trial had been infringed. Thus, this factor weighs in favor of finding a constitutional violation, because Brown was diligent in asserting his right to a speedy trial. *See Dennison*, 2013-Ohio-5535, at ¶ 39 (10th Dist.) (finding that third fact weighed in defendant's favor when he first formally raised the speedy-trial issue after he had been in jail for approximately five months and then reasserted the right on numerous occasions). *Compare Quinnie* at ¶ 15 ("Appellant filed a pro se motion to dismiss the charges based on her speedy trial rights after the trial had concluded and the jury rendered its verdict. Thus, while appellant did assert her right to a speedy trial, this factor is not a persuasive factor in our consideration.").

{¶ 27} The fourth factor is the prejudice to the defendant resulting from the delay. The *Barker* decision identified three interests of defendants that the speedy-trial right was intended to protect: (1) prevention of oppressive pretrial incarceration, (2) minimization of anxiety and concerned of the accused, and (3) limitation of the possibility that the defense will be impaired. *Barker* at 532. *See Quinnie* at ¶ 16 ("In assessing prejudice in this context, we consider the specific interests the right to a speedy trial was designed to protect: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence."). The possibility of impairing the defendant's defense is the most serious issue,

"because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker* at 532. In this case, Brown's pretrial incarceration was substantial, but he was also subject to a parole holder at the same time. We have recognized that facing criminal charges for an extended time necessarily entails some level of anxiety and concern. *Dennison* at ¶ 41. However, Brown does not allege any particular anxiety or concern caused by his pretrial incarceration. Finally, there is no indication that Brown's defense was impaired in any way by the delay in bringing him to trial. *See Diallo* at ¶ 24 ("There is no evidence that the preparation of appellant's defense was impaired by the delay."); *Dennison* at ¶ 41 ("[A]ppellant does not argue that he was prejudiced by the delay by being unable to call witnesses who were no longer available at the time of trial, or that evidence had become unavailable during trial."). Our consideration of the fourth factor does not weigh in favor of finding a constitutional violation.

{¶ 28} Accordingly, in balancing the *Barker* factors, we find that the delay in bringing Brown to trial did not violate his constitutional right to a speedy trial. Much of the delay was due to Brown's conduct, rather than dilatory actions by the state. Therefore, we reject Brown's argument that his constitutional right to a speedy trial was violated.

{¶ 29} Because we conclude that neither Brown's statutory right to a speedy trial nor his constitutional right to a speedy trial was violated, we overrule Brown's second assignment of error.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we overrule Brown's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and LELAND, JJ., concur.

————————